```
1  Rodney & Dawn Chestnut
2  112 W Bartlett Road
3  Middle Island, NY 11953
```

**CV 10 4244**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 17 2010 ★

LONG ISLAND OFFICE

SEYBERT, J.
LINDSAY, M.

4 UNITED STATES DISTRICT COURT
5 EASTERN DISTRICT OF NEW YORK

**Rodney & Dawn Chestnut**

Plaintiff,

vs.

**Wells Fargo Bank, N.A**

Defendant

Case # _____

**PETITION FOR RESTRAINING ORDER**

Date: _____

6

7  Comes now Rodney & Dawn Chestnut, hereinafter referred to as "Petitioner," and moves the
8  court for relief as herein requested:

9                                    **PARTIES**
10 Petitioner is Rodney & Dawn Chestnut, 112 W Bartlett Road Middle Island, NY 11953.
11 Currently Known Defendant(s) are/is: Wells Fargo Bank, N.A

12     Plaintiff will suffer imminent and irreparable injury if defendant is not enjoined from
13 foreclosing on the property owned by Plaintiff. Fed. R. Civ. P. 65(b)(1); *see Sampson v. Murray*,
14 415 U.S. 61, 88-89 & n.59, 94 S. Ct. 937, 951-52 & n.59 (1974).

15                          **NO ADEQUATE REMEDY IN LAW**

16     There is no adequate remedy at law because once the foreclosure sale has taken place
17 Plaintiff will suffer the complete loss of the property as defendant will sell the property to a third
18 party who will have a right to possession without regard to the claims Plaintiff has against
19 defendant. *{See N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306, 105 S.
20 Ct. 459, 459 (1984); *Wilson v. Ill. S. Ry. Co.*, 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04
21 (1924); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89*, 879 F. Supp. 719,
22 725 (W.D. Ky. 1995.

## SUBSTANTIAL LIKELIHOOD PLAINTIFF WILL PREVAIL

There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff will be able to show that:

- Defendant is liable to Plaintiff for any acts of lender under the Federal Trade Commission Holder Rule (16 CFR 433);

- Defendant who is moving to foreclose is not the real party in interest, and defendant is unable to prove that defendant has agency to represent the real party in interest;

- even if Defendant were able to prove agency for the real party in interest, the real party in interest only has a claim against the signator on the security instrument, and no a claim against the property as Document written to protect the original lender from loss was deliberately bifurcated from the security instrument at the time the lender accepted consideration for the security instrument, rendering the lien document void and unenforceable;

- the lender charged false fees to Plaintiff at closing, as listed on the Housing and Urban Development form 1 (settlement statement), that were forbidden to be charged by federal law;

- the lender dispersed a yield spread premium to the broker in an amount in excess of 1% of the principal in direct contradiction of federal law;

- the loan broker, in consideration of the undisclosed, excessive yield spread premium disbursed to the broker to the lender, breached his/her fiduciary duty to Plaintiff and gave false information to Plaintiff along with partial disclosure to Plaintiff without giving fill disclosure in order to improperly induce Plaintiff to accept an overpriced loan;

- the appraiser, acting in concert and collusion with the lender, gave a false appraisal of the value of the property in order to induce Plaintiff to accept a higher priced loan than Plaintiff qualified for;

1     **THREATENED HARM TO PLAINTIFF OUTWEIGHS HARM TO DEFENDANT**

2     The threatened harm to plaintiff outweighs the harm that a preliminary injunction would
3 inflict on Defendant. *Schiavo*, 403 F.3d at 1225-26. If defendant is temporarily restrained from
4 selling the instant property, Defendant and Plaintiff will benefit as if Plaintiff is forced to vacate
5 the property, the property will sit empty for duration of this instant action. Plaintiff will suffer
6 loss of the use of said property and will loose opportunity to maintain same and Defendant will
7 suffer loss by having to maintain an empty property that cannot be insured.

8     Issuance of a preliminary injunction would not adversely affect the public interest and public
9 policy because there are already a great number of empty houses with the current residential
10 foreclosure mess. Adding more will simply increase the burden on the local as it will create
11 opportunity for vandalism and further other criminal activity.

12     **PLAINTIFF MAKING DUE DILIGENT EFFORT TO NOTICE DEFENDANT**

13     Plaintiff has engaged a professional process server who is attempting to serve this petition,
14 along with all other papers in the instant cause on Defendant. Plaintiff has mailed a copy of this
15 petition to the last known address of Defendant.

16     **PLAINTIFF WILL SUFFER IMMEDIATE AND IRREPARABLE INJURY**

17     The court should enter this preliminary injunction without notice to defendant because
18 plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted
19 before defendant can be heard as defendants sale of the property is scheduled to occur on
20 October 4th, 2010. *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). If said
21 sale is allowed to take place, Plaintiff will be irreparably harm

22     **SET DATE FOR SHOW CAUSE HEARING**

23     Plaintiff asks the court to set the request for a preliminary injunction for hearing at the
24 earliest possible time.

25     **CONCLUSION**

26     For these reasons, plaintiff asks the court to issue a temporary restraining order preventing
27 defendant from foreclosing on the property until a show cause hearing can be held on Plaintiff's
28 motion for a preliminary injunction.

PETITION FOR RESTRAINING ORDER                                                      3 of 4

## PRAYER

15. For these reasons, plaintiff asks that the court do the following:

   a. Defendant be prevented from foreclosing on and selling the property until and unless defendant prevails in the current litigation.

   b. Enter judgment for plaintiff.

   c. Award costs of court.

   d. Grant any other relief it deems appropriate.

Respectfully Submitted,

_Rodney Chestnut_       _Dawn Chestnut_
Rodney Chestnut         Dawn Chestnut

Application DENIED. Plaintiffs have failed to show sufficient detail to demonstrate a likelihood of success on the merits or sufficiently serious questions going to the merits of the case to make it fair ground for litigation and a balance of hardships tipping decidedly in their favor.

SO ORDERED:

JOANNA SEYBERT
Joanna Seybert, USDJ
Dated: 10-1-10
Central Islip, NY