UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

RODNEY & DAWN CHESTNUT,

    Plaintiffs,

   -against-

WELLS FARGO BANK, N.A.,

    Defendant.

-------------------------------------------------------------- x

Case No. 10-CIV-4244 (JS)(ARL)

## DEFENDANT WELLS FARGO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' PETITIONS FOR <u>TEMPORARY INJUNCTION AND RESTRAINING ORDER</u>

Allison J. Schoenthal
Victoria McKenney
Renee Garcia
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
allison.schoenthal@hoganlovells.com
victoria.mckenney@hoganlovells.com
renee.garcia@hoganlovells.com

New York, New York
October 14, 2010

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................1

BACKGROUND ....................................................................................................2

    A.    The Parties ................................................................................2

    B.    The Mortgage Loan .....................................................................2

    C.    Wells Fargo Files The Foreclosure Action in State Court ................................3

    D.    Plaintiffs File for Bankruptcy in the E.D.N.Y. ..................................4

    E.    Chestnut Moves to Vacate the Judgment of Foreclosure ..............................4

    F.    Chestnut Moves for Reconsideration in the State Court ...............................5

    G.    The Instant Action ......................................................................6

        1.    The Complaint ...............................................................6

        2.    The Petitions for Temporary Junction and Restraining Order .............7

    H.    Sale of the Property .....................................................................8

ARGUMENT .........................................................................................................8

I.    PLAINTIFFS' APPLICATION FOR INJUNCTIVE RELIEF IS MOOT ...................8

II.    PLAINTIFFS HAVE NOT MADE THE REQUISITE SHOWING FOR INJUNCTIVE RELIEF ......................................................................................9

    A.    No Irreparable Harm ...................................................................10

    B.    The Balance of the Equities Weighs In Favor of Wells Fargo ........................11

    C.    Plaintiffs Are Unlikely to Succeed On Their Claims .......................................12

        1.    This Court Lacks Subject Matter Jurisdictionto Hear the Claims .......12

        2.    Plaintiffs' Claims Are Also Barred by Collateral Estoppel and Res Judicata ...............................................................14

        3.    Rodney Chestnut Lacks Standing To Bring The Instant Claims ................................................................16

CONCLUSION .......................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Agosta v. United States Postal Service*,
    91 F. Supp. 2d 500 (E.D.N.Y. 2000) .....................................................................................10

*Ashby v. Polinsky*,
    No. 07-1845-cv, 2009 WL 1262962 (2d Cir. May 6, 2009)....................................................13

*Beckford v. Citibank N.A.*,
    No. 00 Civ. 205 DLC, 2000 WL 1585684 (S.D.N.Y. Oct. 24, 2000) .....................................16

*Berlent v. Focus Features, LLC*,
    No. 06-Civ-2834, 2006 WL 1594478 (S.D.N.Y. June 8, 2006) ..............................................11

*District of Columbia Court of Appeals v. Feldman*,
    460 U.S. 462 (1983)................................................................................................................12

*Done v. Wells Fargo Bank, N.A.*,
    No. 08-CV-3040, 2009 WL 2959619 (E.D.N.Y. Sept. 14, 2009) ..........................................12

*Estate of Keys v. Union Planters Bank, N.A.*,
    578 F. Supp. 2d 629 (S.D.N.Y. 2008)...............................................................................14, 15

*Ferraro v. Realty USA*,
    No. 1:08-CV-0778, 2009 WL 1098664 (N.D.N.Y. April 23, 2009) .........................................9

*Fletcher v. Atex, Inc.*,
    68 F.3d 1451 (2d Cir. 1995)...................................................................................................14

*Gray v. Americredit Fin. Servs., Inc.*,
    No. 07 Civ. 4039, 2009 WL 1787710 (S.D.N.Y. Jun. 23, 2009)......................................12, 14

*Hanson Trust PLC v. SCM Corp.*,
    774 F.2d 47 (2d Cir. 1985).....................................................................................................10

*In re Bocker*,
    123 B.R. 164 (E.D.N.Y. 1991) ..............................................................................................16

*In re Drexel Burnham Lambert Group, Inc.*,
    160 B.R. 508 (S.D.N.Y. 1993)...............................................................................................16

*In re Madera*,
    586 F.3d 228 (3d Cir. 2009)...................................................................................................13

*Interoceanica Corp. v. Sound Pilots, Inc.*,
    107 F.3d 86 (2d Cir. 1997)........................................................................15

*Jefferson v. Doe*,
    No. 08-CV-0204(JS)(ARL), 2010 WL 276198 (E.D.N.Y. Jan. 8, 2010) ...................9

*Kaplan v. Bd. of Educ.*,
    759 F.2d 256 (2d Cir. 1985)......................................................................10

*Kropelnicki v. Siegel*,
    290 F.3d 118 (2d Cir. 2002)......................................................................12

*Lance v. Dennis*,
    546 U.S. 459 (2006)...............................................................................12

*Marcy Playground, Inc. v. Capitol Records, Inc.*,
    6 F. Supp. 2d 277 (S.D.N.Y. 1998).............................................................11

*Mercado v. Playa Realty Corp.*,
    No. CV 03-3427(JO), 2005 WL 1594306 (E.D.N.Y. July 7, 2005) .......................15

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)...............................................................................11

*Reuters Ltd. v. United Press Int'l, Inc.*,
    903 F.2d 904 (2d Cir. 1990)......................................................................10

*Rooker v. Fidelity Trust Co.*,
    263 U.S. 413 (1923)...............................................................................12

*Rosenshein v. Kleban*,
    918 F. Supp. 98 (S.D.N.Y. 1996)................................................................17

*Ryan v. New York Tel. Co.*,
    62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984)................................14

*Shain v. Ellison*,
    356 F.3d 211 (2d Cir. 2004)......................................................................10

*Sperry Int'l Trade Inc. v. Gov't of Israel*,
    670 F.2d 8 (2d Cir. 1982) ........................................................................10

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008).......................................................................2

*Tara Circle, Inc. v. Bifano*,
    No. 95-CIV 6522(DLC), 1997 WL 399683 (S.D.N.Y. July 15, 1997) ....................9

- ii -

*Vogster Entm't, L.L.C. v. Mostovoy*,
   No. 09-CV-1036, 2009 WL 691215 (E.D.N.Y. Mar. 16, 2009)............................................10

*Webster v. Wells Fargo Bank, NA*,
   No. 08 Civ. 10145, 2009 WL 5178654 (S.D.N.Y. Dec. 23, 2009).............................12, 13, 14


**STATUTES**

11 U.S.C. § 521.................................................................................................................17

11 U.S.C. § 541.................................................................................................................16

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this memorandum of law in opposition to Plaintiffs Rodney and Dawn Chestnut's ("Plaintiffs") Petition for Temporary Injunction and Petition for Restraining Order (together, "Petitions"), filed on or about September 17, 2010, which seek to enjoin Wells Fargo from "foreclosing" on Plaintiffs' property.   Because the New York Supreme Court has already issued a judgment of foreclosure and because the property was sold at public auction on October 4, 2010, the Petitions are moot and should be denied.  The Petitions should further be denied because Plaintiffs are not entitled to the drastic relief of an injunction.

## PRELIMINARY STATEMENT

While new to this Court, Plaintiffs have been litigating the issues at bar for the past four years.   By their Petitions, Plaintiffs are attempting to stop a foreclosure proceeding brought by Wells Fargo against Plaintiffs in the Supreme Court of the State of New York, Suffolk County (the "State Court").  That action was commenced in July 2006 and Wells Fargo obtained a Judgment of Foreclosure in July 2007 (the "Judgment of Foreclosure"). In January 2009 and March 2010, Plaintiffs tried unsuccessfully to vacate the Judgment of Foreclosure and dismiss the foreclosure action.  A sale was held on October 4, 2010.

Having lost in the State Court, Plaintiffs bring this action seeking the same relief.  But, Plaintiffs cannot obtain the relief they seek, as the property has already been sold.  Moreover, even if the property had not yet been sold, Plaintiffs would *still* fail to meet the requisite showing for a preliminary injunction or temporary restraining order because they cannot show a likelihood of success of the merits, that the balance of equities tips in their favor, or irreparable harm.

For all of these reasons, Wells Fargo respectfully requests that the Court deny Plaintiffs' Petitions.

## BACKGROUND

### A.    The Parties

Plaintiffs Rodney and Dawn Chestnut ("Plaintiffs") are individuals, residing in New York, and the former owners and mortgagors of real property located at 112 W. Bartlett Road, Middle Island, NY 11953 (the "Property") which is the subject of the foreclosure action pending in State Court.

Defendant Wells Fargo Bank, N.A. is a national banking association which does business in New York, and is the holder of the note and mortgage encumbering the Property.

### B.    The Mortgage Loan

On or about August 10, 2005, Plaintiffs obtained a mortgage loan for $280,000.00 in principal from Fremont Investment & Loan, as memorialized in a promissory note and secured by a mortgage on the Property.[1]  The Note and Mortgage were subsequently assigned to Wells Fargo.[2]

In or about April 2006, Plaintiffs defaulted on the contractually-required mortgage loan payments and failed to cure their default.[3]  Although Plaintiffs continued to reside at the Property, Plaintiffs have not made mortgage loan payments for the past *four years.*

---

[1] The Mortgage and Note are attached as **Exhibits A and B**, respectively, to the Declaration of Renee Garcia, dated October 14, 2010 ("Garcia Decl.").  As explained in the Garcia Decl., Exhibits A through G are documents that were attached to Wells Fargo's Motion for Judgment of Foreclosure and Sale, filed on or about April 23, 2007 in the Foreclosure Action.  This Court may take judicial notice of the state court proceedings. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)  ("[C]ourts routinely take judicial notice of documents filed in other courts to establish the fact of such litigation and related filings." (citation omitted)).

[2] A copy of the Assignment, dated June 16, 2006, is attached as **Exhibit D** to the Garcia Decl.

[3] A copy of the Default Notice, dated May 16, 2006, is attached as **Exhibit C** to the Garcia Decl.

**C.**     **Wells Fargo Files The Foreclosure Action in State Court**

The current action is related to a residential mortgage foreclosure action filed in the Supreme Court of Suffolk County, New York ("Foreclosure Action"), entitled *Wells Fargo v. Chestnut, et al.*, Index No. 019840/2006 (Sup. Ct. Suffolk Co. July 25, 2006). Wells Fargo commenced the Foreclosure Action by filing a Lis Pendens, Summons, and Complaint on or about July 25, 2006 against Plaintiffs.[4]

Plaintiff Rodney Chestnut answered the complaint on or about August 23, 2006, by letter.[5]  Dawn Chestnut did not respond to the complaint.[6]

Wells Fargo filed a motion for summary judgment, which Plaintiffs failed to oppose, and summary judgment was granted on February 7, 2007. (Garcia Decl. Ex. G.) Wells Fargo then moved, unopposed, for a Judgment of Foreclosure, which was entered on July 5, 2007.[7] (Garcia Decl. Ex. H.)  All motion papers were served on Plaintiffs at the Property.

---

[4] Copies of the Summons, Complaint, and Lis Pendens filed in the Foreclosure Action are attached as **Exhibit E** to the Garcia Decl.

[5] A copy of Rodney Chestnut's "answer" is attached as **Exhibit F** to the Garcia Decl.  The letter states in its entirety: "I Rodney Chestnut am vehemently disputing the amount owed, as stated in the summons.  I'm already in the process of resolving this unfortunate and stressful matter, through legal means. This correspondence is in response to the summons that was served to this writer."

[6] *See* Order Granting Summary Judgment and Appointing Referee to Compute, dated February 7, 2007, attached as **Exhibit G** to the Garcia Decl., striking Rodney Chestnut's answer and declaring all other defendants to be in default.

[7] A copy of the Judgment of Foreclosure, dated July 5, 2007 and entered on July 18, 2007, is attached as **Exhibit H** to the Garcia Decl.

**D.**      **Plaintiffs File for Bankruptcy in the E.D.N.Y.**

On September 5, 2007, Rodney Chestnut filed a Voluntary Petition in the Bankruptcy Court in the Eastern District of New York declaring Chapter 13 bankruptcy ("Bankruptcy Action").[8] (Docket No. 07-73429, No. 1.) Chestnut entered into a payment plan with the bankruptcy trustee and subsequently defaulted on his payments. Thus, the Bankruptcy Action was dismissed on December 19, 2008.[9] (Docket No. 07-73429, No. 41.)

**E.**      **Chestnut Moves to Vacate the Judgment of Foreclosure**

Having been dismissed from bankruptcy court, Rodney Chestnut filed *pro se* a Motion to Vacate Judgment and Dismiss Complaint, on or about January 8, 2009 ("Motion to Vacate") in the State Court.[10] Chestnut argued, *inter alia*, that (1) Wells Fargo did not own the note and mortgage; (2) did not have standing to sue; (3) the court lacked subject matter and personal jurisdiction; (4) the complaint failed to state a claim; (5) the assignment of mortgage "constitute[d] a lack of proper or legal ownership"; (6) the lis pendens failed to have a certification pursuant to 22 NYCRR 130.1-1(c) attached; and (7) Wells Fargo failed to join the necessary parties. (Garcia Decl., Ex. K.) The motion was denied on August 13, 2009 by an Order holding that "Defendant has failed to provide a reasonable excuse for his failure to submit opposition papers to plaintiff's original application and has failed to set forth any showing of a meritorious defense to

---

[8] A copy of the Voluntary Petition, dated September 5, 2007, is attached as **Exhibit I** to the Garcia Decl.

[9] A copy of the December 19, 2008 Order dismissing the Bankruptcy Action is attached as **Exhibit J** to the Garcia Decl.

[10] A copy of the Motion to Vacate, dated January 8, 2009, is attached as **Exhibit K** to the Garcia Decl.

4

this mortgage foreclosure action."[11] (Garcia Decl., Ex. L, p. 2.)  Upon information and belief, Plaintiffs did not appeal that decision.

**F.**     **Chestnut Moves for Reconsideration in the State Court**

On or about March 23, 2010, now *four years* after Wells Fargo commenced the Foreclosure Action – during which time Plaintiffs are residing at the Property without repaying their mortgage loan – Rodney Chestnut filed a "Motion for Reconsideration of Previous Facts and Issue and to Dismiss the Foreclosure Action for Expiration of Lis Pendis [sic] with Prejudice" ("Motion for Reconsideration").[12]

In his motion, Chestnut requested that the State Court reconsider its August 13, 2009 decision denying the Motion to Vacate (Garcia Decl. Ex. L) and dismiss the Foreclosure Action for the following reasons, amongst others: (1) lack of personal jurisdiction due to service defects; (2) lack of subject matter jurisdiction; (3) the complaint fails to state a claim; (4) the proceedings are "frivolous in that plaintiff's claim of having true and legal ownership of the premises and false [sic]"; and (5) issues related to predatory lending including that the "trustee participated in such illegal and constitutional practice."[13] (Garcia Decl., Ex. M, ¶¶ 3, 5, 6, 7, and 9.) By the motion, Chestnut sought vacatur of the Judgment of Foreclosure, dismissal of the complaint, a declaration that the mortgage is void, and damages. (*Id.* at ¶ 21 and p. 7.)

The Motion for Reconsideration was denied in a Short Form Order dated May 14, 2010 in which Justice Tanenbaum, sitting in the Suffolk County Supreme Court,

---

[11] A copy of the Order dated August 13, 2009 is attached as **Exhibit L** to the Garcia Decl.

[12] A copy of the Motion for Reconsideration, dated March 23, 2010, is attached as **Exhibit M** to the Garcia Decl.

[13] Chestnut falsely swore that "no other motions or the relief sought has been requested by the defendant in this court of any other court in the State of New York." Garcia Decl. Ex. M, ¶ 20.

explained "Defendant's motions[14] raise the identical issues raised in his prior May, 2009 application which was denied by the Court. No basis therefore exists to reargue and renew the prior application and further delay the foreclosure sale." (Garcia Decl. Ex. N.) The Court further noted that Plaintiffs had not made mortgage payments since 2006 and ordered that "the referee is directed to forthwith reschedule the foreclosure sale and to notify all necessary parties," explaining that the foreclosure sale scheduled to auction the premises had been cancelled *three times* because of the bankruptcy filing and Chestnut's two motions to vacate. *Id.* Upon information and belief, Plaintiffs did not appeal this decision.

## G. <u>The Instant Action</u>

Having been denied relief in the State Court, Plaintiffs now bring this action in the unwarranted hope of a more favorable result.

### 1. The Complaint

On or about September 17, 2010, Plaintiffs filed this action against Wells Fargo. Although unclear from the rambling "Original Petition" ("Complaint" or "Compl."),[15] Plaintiffs appear to assert the following claims:

(1) Lack of Standing;
(2) "Criminal Conspiracy and Theft";
(3) "Agent Practiced Up-Selling";
(4) Fraudulent Inducement;
(5) "Extra Profit on Sale of Predatory Loan Product";
(6) "Lender Attempting to Fraudulently Collect on Void Lien";
(7) "Lender Profit by Credit Default Swap Derivatives";
(8) "Lender Changed False Fees";
(9) "RESPA Penalty";
(10) "Lender Conspired with Appraiser";

---

[14] Upon information and belief, Chestnut also filed a second motion to vacate in March or April of 2010, which was also denied by the May 14, 2010 Order.

[15] A copy of the Complaint is attached as **Exhibit O** to the Garcia Decl.

(11) "Lender Conspired with Trustee";
(12) "Deceptive Advertising and Unfair Business Practices";
(13) "Equitable Tolling for TILA and RESPA";
(14) "Business Practices Concerning Disregarding of Underwriting Standards";
(15) Unjust Enrichment;
(16) Claim to Quiet Title;
(17) "Sufficiency of Pleading";
(18) Breach of Fiduciary Duty;
(19) Negligence/Negligence Per Se;
(20) Common Law Fraud;
(21) Violation of the Breach of the Implied Covenant of Good Faith and Fair Dealing;
(22) Violation of the Truth in Lending Act; and
(23) Intentional Inflection of Emotional Distress.

Plaintiffs seek, *inter alia*, (1) an emergency restraining order enjoining Wells Fargo from foreclosing on the Property; (2) a permanent injunction "enjoining Defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged"; (3) quiet title to the Property; (4) rescission of the loan and restitution to Plaintiffs; (5) "disgorgement of all amounts wrongfully acquired"; (6) damages, both punitive and actual; and (7) attorney's fees and costs (despite having appeared *pro se*). (Compl. p. 24.)[16]

## 2.      The Petitions for Temporary Junction and Restraining Order

On the same day they filed the Complaint, Plaintiffs also filed a Petition for Temporary Injunction and a Petition for Restraining Order.[17]  The Petition for Temporary Injunction is identical to the Complaint with the exception of the section entitled "Request for Temporary Injunction," which was substituted for the "Prayer."  (Injunction, p. 24.)  Plaintiffs merely state that they will suffer imminent and irreparable injury if Wells Fargo is not prevented from foreclosing on the Property (although the Judgment of

---

[16] Wells Fargo's response to the Complaint is due on October 19, 2010.

[17] Copies of the Petition for Temporary Injunction and Petition for Restraining Order, filed September 17, 2010, are attached as **Exhibits P and Q** to the Garcia Decl.

Foreclosure had been issued three years prior), that Plaintiffs will prevail on the merits, and that the harm to Plaintiffs outweighs the harm an injunction would inflict on Wells Fargo without further explanation.  (*Id.*).

The Petition for Restraining Order essentially repeats the same arguments as the Petition for Temporary Injunction but includes additional "reasons" Plaintiffs will "prevail on the merits." (*compare* Petition for Preliminary Injunction, p. 24, *with* Petition for Restraining Order, p. 2.) Plaintiffs request that the Court issue a temporary restraining order preventing Wells Fargo from foreclosing on the property until a hearing is held on Plaintiffs' Petition for Temporary Injunction.  (Restraining Order, p. 3.)

**H.    Sale of the Property**

On September 3, 2010, Wells Fargo served on Plaintiffs a Notice of Sale in which the appointed Referee advised that on October 4, 2010, the Property would be sold at Public Action to the highest bidder at the Brookhaven Town Hall, 1 Independence Hill, Farmingville, NY 11738 at 9:00am.[18] On that day, the Property was sold at auction to Wells Fargo.[19]

**ARGUMENT**

**I.    PLAINTIFFS' APPLICATION FOR INJUNCTIVE RELIEF IS MOOT**

By the Petitions, Plaintiffs ask this Court to enjoin Wells Fargo from foreclosing on the Property and find that "plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard as defendant has scheduled the above reference sale for the week of October 4, 2010." (Injunction, p. 25.) It is too late though to stop Wells Fargo from "foreclosing" on the Property, as a

---

[18] A copy of the Notice of Sale is attached as **Exhibit R** to the Garcia Decl.

[19] A copy of the Memorandum of Sale is attached as **Exhibit S** to the Garcia Decl.

Judgment of Foreclosure was issued in July 2007, over three years before this action was even commenced.

To the extent that Plaintiffs are trying to ask this Court to enjoin the *sale* of the Property, it is also too late.  Plaintiffs received notice of the sale on September 3, 2010. A sale was held on October 4, 2010.  At the time of the scheduled sale on October 4, 2010, no injunction or other bar to sale existed and Wells Fargo auctioned the Property as scheduled.  (Garcia Decl. Ex. S.)

Because the relief Plaintiffs now seek is unavailable, the request for a preliminary injunction and restraining order must be denied as moot.  *See Ferraro v. Realty USA*, No. 1:08-CV-0778, 2009 WL 1098664, *3 (N.D.N.Y. April 23, 2009) (request for preliminary injunction enjoining foreclosure found moot where property had been sold at public auction); *see also Jefferson v. Doe*, No. 08-CV-0204(JS)(ARL), 2010 WL 276198, at *2 (E.D.N.Y. Jan. 8, 2010) (plaintiff's request for a preliminary injunction and temporary restraining order preventing warden from restricting access to prison grievance forms deemed moot where plaintiff had already been released from facility); *Tara Circle, Inc. v. Bifano*, No. 95-CIV. 6522 (DLC), 1997 WL 399683, *17 (S.D.N.Y. July 15, 1997) ("Since the foreclosure has extinguished the plaintiff's right to the Special Permit, [plaintiff] cannot obtain the relief it seeks - a preliminary injunction against the Village preventing it from enforcing the special permit revocation law . . .").

For this reason alone, the Petitions should be dismissed.

## II.     PLAINTIFFS HAVE NOT MADE THE REQUISITE SHOWING FOR INJUNCTIVE RELIEF

As this Court has recently held, "A preliminary injunction is considered an 'extraordinary' remedy that should not be granted as a routine matter." *Agosta v. United*

*States Postal Service*, 91 F. Supp. 2d 500, 502 (E.D.N.Y. 2000) (internal citations omitted); *see also Hanson Trust PLC v. SCM Corp.*, 774 F.2d 47, 60 (2d Cir. 1985) ("the preliminary injunction, which is one of the most drastic tools in the arsenal of judicial remed[ies] . . . must be used with great care . . . ").

The standard for issuing a preliminary injunction requires that the movant show (1) irreparable harm, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief.  *Kaplan v. Bd. of Educ.*, 759 F.2d 256, 259 (2d Cir. 1985); *Sperry Int'l Trade Inc. v. Gov't of Israel*, 670 F.2d 8, 11 (2d Cir. 1982). The standard is the same for obtaining a restraining order. *Vogster Entm't, L.L.C. v. Mostovoy*, No. 09-CV-1036, 2009 WL 691215, at *2 (E.D.N.Y. Mar. 16, 2009).

## A.    No Irreparable Harm

"Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (internal quotation marks and citation omitted). A party "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he . . . will be injured in the future." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (citations omitted).  Moreover, the injury must be both "real and immediate, not conjectural or hypothetical." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Plaintiffs seek to enjoin the sale, but the Property was already sold. Therefore, there cannot be no future "irreparable harm." *See Berlent v. Focus Features, LLC*, No. 06-Civ-2834, 2006 WL 1594478 (S.D.N.Y. June 8, 2006) (denying request for preliminary injunction where harm plaintiff sought to prevent had already occurred); *Marcy Playground, Inc. v. Capitol Records, Inc.,* 6 F. Supp. 2d 277, 282 (S.D.N.Y. 1998) ("[A] preliminary injunction here would be very much like locking the barn door after the horse is gone.").

**B.     The Balance of Equities Weighs In Favor of Wells Fargo**

Plaintiffs have not made any mortgage loan payments since 2006, forcing Wells Fargo to initiate foreclosure proceedings. As of the date the foreclosure complaint was filed in 2006, Plaintiffs owed Wells Fargo over $286,000. (Garcia Decl. Ex. E, Summons.) Thus, Plaintiffs have resided at the Property "for free" since their default in April of 2006 while Wells Fargo has not been repaid the amount loaned, and been forced to pay for Plaintiffs' property taxes and insurance.

Rodney Chestnut has filed motion after motion in an effort to delay the Foreclosure Action.[20] The foreclosure sale was entirely appropriate and there is simply no basis to further delay the transfer of the Property from Plaintiffs.

Because Wells Fargo will be harmed by any further delay of the transfer of the Property, the balance of equities weighs in favor of Wells Fargo.

---

[20] Chestnut's delay mechanisms included: After the Judgment of Foreclosure had already been issued, Rodney Chestnut filed for bankruptcy, agreed to a payment plan, and then defaulted on that plan. (Garcia Decl., Ex. J.) He then re-appeared in the Foreclosure Action, almost three years after the complaint was filed, and attempted to vacate the Judgment of Foreclosure. He lost. (Garcia Decl. Ex. L.) One year later, he filed another motion to vacate and a separate motion to dismiss. He lost again. (Garcia Decl. Ex. N.) Having argued their case and lost *three times* in State Court, equity in no way requires Plaintiffs to have a "'fourth' bite at the apple."

C.    **Plaintiffs Are Unlikely to Succeed On Their Claims**

     1.    **This Court Lacks Subject Matter Jurisdiction to Hear the Claims**

The *Rooker-Feldman* doctrine precludes Plaintiffs' claims seeking rescission, voiding the mortgage, requesting declaratory relief to quiet title, or providing any defense to the foreclosure. The *Rooker-Feldman* doctrine, based on the Supreme Court cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), precludes federal district courts from exercising appellate jurisdiction over final state court judgments. *Lance v. Dennis,* 546 U.S. 459, 463 (2006). The *Rooker-Feldman* doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the "state court judgment was erroneously entered or was void." *Kropelnicki v. Siegel,* 290 F.3d 118, 129 (2d Cir. 2002). "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine." *Webster v. Wells Fargo Bank, NA*, No. 08 Civ. 10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009) (quoting *Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009)); *accord Gray v. Americredit Fin. Servs.*, *Inc.*, No. 07 Civ. 4039, 2009 WL 1787710, at *3-4 (S.D.N.Y. Jun. 23, 2009).

The decision in *Webster v. Wells Fargo Bank* is instructive. *Webster* also involved mortgagors who attempted to prevent a foreclosure action in New York Supreme Court, lost, and thereafter brought a federal action for fraud seeking to collaterally attack the judgment of foreclosure. 2009 WL 5178654, at *2-3. The Court denied the fraud claims because "although Plaintiffs' legal theory sounds in fraud, the harm they seek to remedy is in fact the New York Supreme Court's judgment permitting foreclosure to proceed" rendering the Court without "jurisdiction either to overturn the

12

New York Supreme Court's decision or to compensate Plaintiffs for Wells Fargo's foreclosure pursuant thereto." *Id*. at *6.

All of Plaintiffs' claims here are directed to the origination of the mortgage loan, and bear on Wells Fargo's ability and right to foreclose on the Mortgage as illustrated by the list of issues Plaintiffs raise in their motion: that Wells Fargo lacks standing, that Wells Fargo is not a real party in interest, that no valid lien exists, that the mortgage contract was fraudulent, and so forth. (Compl., p. 6.)  Plaintiffs specifically ask this Court to undermine the Judgment of Foreclosure and three Orders by the State Court when they request "declaratory relief as to what (if any) party, entity or individual or group thereof is the owner of the promissory note executed at the time of the loan closing, and whether the Deed of Trust (Mortgage) secures any obligation of the Petitioner, and a Mandatory Injunction requiring re-conveyance of the subject property to the Petitioner or, in the alternative a Final Judgment granting Petitioner Quiet Title in the subject property." (Compl., p. 7.)  Plaintiffs' further request for rescission of the loan would also negate the Judgment of Foreclosure, as a "mortgage foreclosure action depends upon the existence of a valid mortgage."  *In re Madera*, 586 F.3d 228, 233 (3d Cir. 2009).

*Rooker-Feldman* prohibits such an outcome.  *See Ashby v. Polinsky*, No. 07-1845-cv, 2009 WL 1262962, at *1 (2d Cir. May 6, 2009) (affirming dismissal of complaint challenging validity of state foreclosure proceeding); *In re Madera*, 586 F.3d at 233 (state court foreclosure judgment entered on default prohibited court from exercising jurisdiction over plaintiffs' TILA claims seeking rescission); *Webster*, 2009 WL 5178654, at *6 (state court foreclosure judgment prevented federal court from exercising jurisdiction over plaintiffs' claim that would render mortgage void); *Gray,* 2009 WL

1787710, at *3-4 ("Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the Rooker-Feldman doctrine from attacking the state court judgment in federal district court."). The appropriate forum for Plaintiffs to direct their grievances was the Appellate Division, but they did not appeal the Orders or the Judgment of Foreclosure.

Accordingly, Plaintiffs will not succeed on the merits as this Court lacks jurisdiction to hear such claims.

### 2.    Plaintiffs' Claims Are Also Barred by Collateral Estoppel and *Res Judicata*

Even if the Court had jurisdiction to hear the claims, Plaintiffs would be barred from bringing the claims by collateral estoppel and *res judicata*. Under New York law, "[t]he doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same.'" *Fletcher v. Atex, Inc*., 68 F.3d 1451, 1457 (2d Cir. 1995) (quoting *Ryan v. New York Tel. Co*., 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487, 490 (1984)). Collateral estoppel "applies when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits." *Estate of Keys v. Union Planters Bank, N.A*., 578 F. Supp. 2d 629, 635 (S.D.N.Y. 2008); see also *Webster*, 2009 WL 5178654, at *9-10 (borrowers were collaterally estopped from rearguing the validity of a mortgage when that issue had been decided in the state court foreclosure action). *Res judicata* applies where the claims stem from the same

14

"nucleus of operative fact" as those brought in another forum. *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997).

At their heart, all of Plaintiffs' claims go to Wells Fargo's right to foreclose on the Mortgage. Many of the arguments made in the instant Complaint were set forth by the motions filed in the Foreclosure Action, including that Wells Fargo lacked standing (Motion to Vacate, ¶¶ 10, 16a), that Wells Fargo was not the real party in interest (Motion to Vacate, ¶¶ 3, 5, 17; Motion for Reconsideration, ¶ 7), and predatory lending/"illegal" practices in the administration of the trust (Motion for Reconsideration, ¶ 9). The State Court already considered these arguments and found that none were meritorious defenses to the foreclosure. (Garcia Decl. Exs. L and N.)

To the extent Plaintiffs now seeks to assert new claims/defenses not presented in the Foreclosure Action, those claims are barred as well. *Estate of Keys,* 578 F. Supp. 2d at 637 (rejecting the plaintiff's attempts to challenge the propriety of the state court's original judgment of foreclosure by asserting new claims in the federal action because those claims should have been raised in the state court action.); *Mercado v. Playa Realty Corp.,* No. CV 03-3427(JO), 2005 WL 1594306, at *7 (E.D.N.Y. July 7, 2005) (determining plaintiff could have asserted the new claims she was raising in her federal action during the foreclosure action as counterclaims, therefore the claims were barred by the doctrine of *res judicata*); *Beckford v. Citibank N.A.*, No. 00 Civ. 205 DLC, 2000 WL 1585684, *3 (S.D.N.Y. Oct. 24, 2000) (same).

Thus, because (1) Plaintiffs raise the same issues, *i.e.* whether Wells Fargo has a valid security interest and a right to foreclose on that interest, (2) the issues were already decided in Wells Fargo's favor, (3) Plaintiffs had a full and fair opportunity to litigate and

15

did so as a party to the Foreclosure Action,[21] and (4) the issues went to the very heart of the Foreclosure Action, Plaintiffs are barred from raising the same issue in this Court in the hope of obtaining a more favorable decision.

### 3. Rodney Chestnut Lacks Standing To Bring The Instant Claims

As discussed *supra*, on September 5, 2007, Plaintiff Rodney Chestnut filed a Voluntary Petition in the Bankruptcy Court of the Eastern District of New York declaring Chapter 13 bankruptcy. The Bankruptcy Code provides that at the time of commencement of the bankruptcy proceeding, the bankruptcy estate includes "all legal or equitable interests of the debtor." 11 U.S.C. 541(a)(1). Mr. Chestnut, however, failed to disclose the instant lawsuit and to declare his purported claims as an asset in the bankruptcy proceeding. When asked if he had "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," he answered "None." *See* Garcia Decl., Ex. I., Schedule B, Item 21. He further neglected to identify the Foreclosure Action in his "Statement Pursuant to Local Bankruptcy Rule 1073-2(b)." *See* Garcia Decl., Ex. I.

Because Mr. Chestnut failed to disclose his claims as an asset in the bankruptcy petition, those claims remain the property of the bankruptcy estate. *In re Drexel Burnham Lambert Group, Inc.*, 160 B.R. 508, 514 (S.D.N.Y. 1993) ("By operation of 11 U.S.C. § 554(c) and (d), any asset not scheduled pursuant to 11 U.S.C. § 521(1) remains property of the bankrupt estate, and the debtor loses all rights to enforce it in his own name."). Rodney Chestnut, therefore, lacks standing to bring the instant Action. *See Rosenshein v.*

---

[21] Res judicata applies to Dawn Chestnut as well, even though she defaulted in the Foreclosure Action. *See In re Bocker*, 123 B.R. 164, 165 (E.D.N.Y. 1991) (upholding bankruptcy court's dismissal of usury claim where state court judgment of foreclosure had already been entered on default).

*Kleban*, 918 F.Supp. 98, 103 (S.D.N.Y. 1996) ("Courts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and the claims must be dismissed.").

                                \*                              \*                              \*

Because Plaintiffs have shown no basis for the "extraordinary remedy" of an injunction and restraining order, the Petitions should be denied.[22]

---

[22] As Wells Fargo will show in its forthcoming motion to dismiss, the claims brought in the Complaint lack any merit. Some of the claims are simply not actual causes of action (*e.g.*, "Agent practiced Up-Selling" and "Extra Profit on Sale of Predatory Loan Product"). Others cannot be asserted against a lender (*e.g.*, Negligence/Negligence Per Se and Breach of Fiduciary Duty). The remaining claims are insufficiently plead (*e.g.*, Fraudulent Inducement, Common Law Fraud, Unjust Enrichment, Violations of the Truth in Lending Act, and Intentional Infliction of Emotional Distress).

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Petition for Temporary Injunction and

Petition for Restraining Order should be denied.

New York, New York
October 14, 2010

Respectfully Submitted,

By: _/s/ Renee Garcia_____
Allison J. Schoenthal
Victoria McKenney
Renee Garcia
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
allison.schoenthal@hoganlovells.com
victoria.mckenney@hoganlovells.com
renee.garcia@hoganlovells.com
*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*