UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x
RODNEY & DAWN CHESTNUT,

            Plaintiffs,

  -against-

WELLS FARGO BANK, N.A.,

            Defendant.
---------------------------------------------------------------- x

Case No. 10-CIV-4244 (JS)(ARL)

**DECLARATION OF RENEE GARCIA**

I, Renee Garcia, declare as follows:

I am a member of the bar of this Court and associated with the firm of Hogan Lovells US LLP, counsel for Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). I am fully familiar with the facts set forth herein. I respectfully submit this declaration in support of Defendant Wells Fargo's Memorandum of Law in Opposition to Plaintiffs' Petitions for Temporary Injunction and Restraining Order, in response to said Petitions filed by Plaintiffs Rodney and Dawn Chestnut ("Plaintiffs") on September 17, 2010.

      1.      On or about August 10, 2005, Plaintiffs Rodney and Dawn Chestnut obtained a mortgage loan on real property located at 112 W. Bartlett Road, Middle Island, NY 11953 (the "Property") from Fremont Investment & Loan ("Fremont"). They borrowed $280,000.00 in principal from Fremont, as memorialized in a promissory note and secured by a mortgage on the Property. Attached hereto as **Exhibits A and B** are true and correct copies of the Mortgage and accompanying Note, dated August 10, 2005.[1]

---

[1] Exhibits A through G attached hereto were attached as exhibits to Wells Fargo's Motion for Judgment of Foreclosure and Sale, filed in the Foreclosure Action on or about April 23, 2007. Due to the size of the Motion for Judgment of Foreclosure and Sale, excerpts are provided here for the Court's convenience.

2. In or about April 2006, Plaintiffs defaulted on their contractually-required mortgage loan payments. Attached hereto as **Exhibit C** is a true and correct copy of the Default Notice, dated May 16, 2006.

3. By Assignment dated June 16, 2006, the loan was assigned to "Wells Fargo Bank, N.A. as Trustee Under Pooling and Servicing Agreement dated as of February 1, 2006, Securitized Asset Back Receivables LLC Trust 2006-FR1 Mortgage Pass-Through Certificates, Series 2006-FR1." Attached hereto as **Exhibit D** is a true and correct copy of the Assignment dated June 16, 2006.

4. Wells Fargo commenced a foreclosure action by filing a Summons, Complaint, and Lis Pendens on or about July 25, 2006 against Plaintiffs and others in New York Supreme Court, Suffolk County ("State Court"). *Wells Fargo v. Chestnut, et al.*, Index No. 019840/2006 (Sup. Ct. Suffolk Co. July 25, 2006) ("Foreclosure Action"). Attached hereto as **Exhibit E** are true and correct copy of the Summons, Complaint, and Lis Pendens filed in the Foreclosure Action on July 25, 2006.

5. Plaintiff Rodney Chestnut answered the complaint by letter dated August 23, 2006. Attached here as **Exhibit F** is a true and correct copy of the answer dated August 23, 2006.

6. Wells Fargo filed a motion for summary judgment, which Plaintiffs failed to oppose; summary judgment was granted on February 7, 2007. Attached here as **Exhibit G** is a true and correct copy of Order Granting Summary Judgment and Appointing Referee to Compute, dated February 7, 2007.

7. Wells Fargo thereafter obtained a Judgment of Foreclosure, dated July 5, 2007, and entered on July 18, 2007 ("Judgment of Foreclosure"). Attached hereto as **Exhibit H** is a true and correct copy of the Judgment of Foreclosure, entered on July 18, 2007.

8. On September 5, 2007, Plaintiff Rodney Chestnut filed a Voluntary Petition in the Bankruptcy Court, Eastern District of New York declaring Chapter 13 bankruptcy ("Bankruptcy Action"). (Docket No. 07-73429.) Attached hereto as **Exhibit I** is a true and correct copy of the Voluntary Petition filed on September 5, 2007.

9. Plaintiff entered into a payment plan with the bankruptcy trustee and subsequently defaulted on his payments. The Bankruptcy Action was dismissed on December 19, 2008. (Docket No. 07-73429, Entry No. 41.) Attached hereto as **Exhibit J** is a true and correct copy of the Order dismissing the Bankruptcy Action.

10. On or about January 8, 2009, Plaintiff Rodney Chestnut filed a Motion to Vacate Judgment and Dismiss the Complaint ("Motion to Vacate"). Attached hereto as **Exhibit K** is a true and correct copy of the Motion to Vacate, dated January 8, 2009.

11. The State Court denied the Motion to Vacate by order dated August 13, 2009. Attached hereto as **Exhibit L** is a true and correct copy of the State Court's Order, dated August 13, 2009.

12. On or about March 23, 2010, Plaintiff Rodney Chestnut filed a "Motion for Reconsideration of Previous Facts and Issue and to Dismiss the Foreclosure Action for Expiration of Lis Pendis [sic] with Prejudice" ("Motion for Reconsideration"). Attached hereto as **Exhibit M** is a true and correct copy of the Motion for Reconsideration, dated March 23, 2010.

13. The State Court denied the Motion for Reconsideration by order dated May 14, 2010. Attached hereto as **Exhibit N** is a true and correct copy of the Order, dated May 14, 2010.[2]

14. On or about September 17, 2010, Plaintiffs filed this action against Wells Fargo. Attached hereto as **Exhibit O** is a true and correct copy of the Original Petition ("Complaint") dated September 17, 2010.

15. Plaintiffs also filed on September 17, 2010, a Petition for Temporary Injunction and a Petition for Restraining Order. Attached hereto as **Exhibits P and Q,** respectively, are true and correct copies of the Petition for Temporary Injunction and the Petition for Restraining Order, dated September 17, 2010.

16. On September 3, 2010, Wells Fargo served on Plaintiffs a Notice of Sale in which the appointed Referee advised that on October 4, 2010, the Property would be sold at Public Action to the highest bidder at Brookhaven Town Hall, 1 Independence Hill, Farmingville, NY 11738 at 9:00am. Attached hereto as **Exhibit R** is a true and correct copy of the Notice of Sale along with the Affidavit of Service.

17. On October 4, 2010, the Property was sold. Attached hereto as **Exhibit S** is a true and correct copy of the Memorandum of Sale.

---

[2] Upon information and belief, Chestnut also filed a second motion to vacate in March or April of 2010, which was also denied by the May 14, 2010 Order.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct. Executed in New York, New York on October 14, 2010.

          /s/ Renee Garcia  
          Renee Garcia