```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DAWN CHESTNUT AND RODNEY CHESTNUT,

                Plaintiffs,         MEMORANDUM & ORDER
                                    10-CV-4244 (JS)(ARL)
        -against-

WELLS FARGO BANK, N.A.,

                Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiffs:    Dawn Chestnut, pro se
                   112 W. Barlett Road
                   Middle Island, NY 11953

                   Rodney Chestnut, pro se
                   112 W. Barlett Road
                   Middle Island, NY 11953

For Defendant:     Allison J. Schoenthal, Esq.
                   Renee Marie Garcia, Esq.
                   Victoria McKenney, Esq.
                   Hogan Lovells US LLP
                   875 Third Avenue
                   New York, NY 10022
```

SEYBERT, District Judge:

After reviewing both Plaintiffs' and Defendant's papers submitted in connection with Plaintiffs' motions for a temporary restraining order and a preliminary injunction, the Court sees no need to hold a show cause hearing.  In light of the property's sale on October 4, 2010, Plaintiffs' motions are likely moot.  And, even if not moot, Plaintiffs have failed to show either a likelihood of success on the merits or sufficiently serious questions going to the merits given, among

other things, Defendant's Rooker-Feldman and collateral estoppel arguments. See Def. Opp. at 12-15. Moreover, because Plaintiffs have effectively lived in the house "rent free" for more than four years, the Court does not believe that the balance of the hardships tips in their favor. See Def. Opp. at 11. Consequently, Plaintiffs' motion for a temporary restraining order and a preliminary injunction are DENIED.

Additionally, Defendant's opposition papers raise serious concerns regarding whether the Court has subject matter jurisdiction, and whether Plaintiffs state cognizable causes of action. In light of Defendant's opposition papers, the Court will not force Defendant to incur the cost of preparing its planned motion to dismiss (Def. Opp. at 17). Instead, if Defendant wishes, the Court will construe its opposition papers as a motion to dismiss. The Court does not, however, want to inadvertently prejudice Defendant by denying it the opportunity to set forth its dismissal arguments in a more formal form. Consequently, Defendant has until November 1, 2010 to do one of the following: (1) file a formal motion to dismiss; or (2) file a short letter indicating that Defendant will forgo filing a formal motion to dismiss, and stand on the arguments it presented in opposing Plaintiffs' motions for a temporary restraining order and a preliminary injunction. Plaintiffs will then have until November 15, 2010 to file any opposition papers.

2

And Defendant will have until November 22, 2010 to file a reply, if it so wishes.

                                                      SO ORDERED

                                                /s/ JOANNA SEYBERT
                                                Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
            October 18, 2010