UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

RODNEY & DAWN CHESTNUT,

    Plaintiffs,

   -against-

WELLS FARGO BANK, N.A.,

    Defendant.

-------------------------------------------------------------- x

       Case No. 10-CIV-4244 (JS)(ARL)


**DEFENDANT WELLS FARGO'S MEMORANDUM OF LAW IN**
**<u>SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT</u>**


     Allison J. Schoenthal
     Victoria McKenney
     Renee Garcia
     HOGAN LOVELLS US LLP
     875 Third Avenue
     New York, New York 10022
     Tel: (212) 918-3000
     Fax: (212) 918-3100
     allison.schoenthal@hoganlovells.com
     victoria.mckenney@hoganlovells.com
     renee.garcia@hoganlovells.com


New York, New York
November 1, 2010

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................. 1

BACKGROUND ...................................................................................... 2

A.   The Parties ................................................................................. 2

B.   The Mortgage Loan.................................................................... 2

C.   Wells Fargo Files The Foreclosure Action in State Court........... 2

D.   Plaintiffs File for Bankruptcy in the E.D.N.Y. ........................... 3

E.   Chestnut Moves to Vacate the Judgment of Foreclosure............ 3

F.   Chestnut Moves for Reconsideration and, Again, for Vacatur and
     Dismissal in the State Court........................................................ 4

G.   The Instant Action...................................................................... 5

     1.   The Complaint ................................................................... 5

     2.   The Petitions for Temporary Injunction and Restraining Order........... 6

     3.   The Court's October 19 Order ........................................... 7

H.   The Property Has Been Sold........................................................ 7

ARGUMENT........................................................................................... 7

I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION ......... 7

II.  THE CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL ......... 9

III. RODNEY CHESTNUT LACKS STANDING TO BRING THE
     INSTANT CLAIMS ..................................................................... 11

IV.  THE COMPLAINT FAILS TO STATE A CLAIM........................ 12

     A.   Five of Plaintiffs' Claims Should Be Dismissed Because They Are
          "Made-up" (Counts 3, 5, 7, 14, 17)..................................... 13

     B.   Two Claims Cannot be Brought Against Mortgagees and Therefore
          Must be Dismissed (Counts 18 and 19) ............................... 14

C.    The TILA and RESPA Claims Are Time-Barred and Otherwise Deficient (Counts 8, 9, 13, 22) ................................................................. 15

    1.    The TILA Claim Fails ........................................................................ 15

    2.    The RESPA Claims Fail .................................................................... 17

D.    The Remaining Claims are Insufficiently Plead (Counts 1, 2, 4, 6, 10, 11, 12, 15, 16, 20, 21) ................................................................... 19

    1.    Plaintiffs' Claim Based on Lack of Standing is Meritless ................. 19

    2.    The Fraud Claims Are Deficient ........................................................ 20

    3.    The Conspiracy Claims Fail ............................................................... 22

    4.    No Private Right of Action for "Deceptive Advertising and Unfair Business Practices" ............................................................... 23

    5.    An Unjust Enrichment Claim Is Not Available to Plaintiffs ................. 23

    6.    The Claim to Quiet Title Must Be Dismissed ..................................... 24

    7.    There Is No Violation of the Breach of the Implied Covenant of Good Faith and Fair Dealing ................................................ 24

    8.    The Intentional Infliction of Emotional Distress Is Not Viable ............................................................................................... 25

CONCLUSION ...................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                                                                    PAGES

*511 West 232nd Owners Corp. v. Jennifer Realty Co.*,
    98 N.Y.2d 144, 773 N.E.2d 496, 746 N.Y.S.2d 131 (2002)....................................................24

*Ashby v. Polinsky*,
    No. 07-1845-cv, 2009 WL 1262962 (2d Cir. May 6, 2009)........................................................9

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009).................................................................................................12, 13, 17

*Ashkir v. Wilson*,
    No. 98 Civ. 2632, 1999 WL 710788 (S.D.N.Y. Sept. 13, 1999)............................................23

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*,
    493 F.3d 87 (2d Cir. 2007)....................................................................................................12

*Aurora Loan Servs. v. Grant*,
    17 Misc. 3d 1102(A), 851 N.Y.S.2d 56 (Sup. Ct. Kings Cnty. 2007)....................................17

*Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Commerce*,
    265 A.D.2d 513, 697 N.Y.S.2d 128 (2d Dep't 1999)............................................................24

*Barber v. Countrywide Home Loans, Inc.*,
    No. 2:09-CV-40-GCM, 2010 WL 398915 (W.D.N.C. Jan. 25, 2010) ...................................19

*Bauer v. Mellon Mortg. Co.*,
    178 Misc.2d 234, 680 N.Y.S.2d 397 (Sup. Ct. New York Cnty. 1998) .................................14

*Beckford v. Citibank N.A.*,
    No. 00 Civ. 205 DLC, 2000 WL 1585684 (S.D.N.Y. Oct. 24, 2000) ....................................11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................12, 13, 18

*Boddie v. Schnieder*,
    105 F.3d 857 (2d Cir.1997)....................................................................................................13

*Burns v. Bank of America*,
    No. 03 Civ.1685 RMB JCF, 2003 WL 22717827 (S.D.N.Y. Nov. 18, 2003)........................17

*Cardiello v. The Money Store, Inc.*
    ("*Cardiello I*"), No. 00 CIV. 7332, 2001 WL 604007 (S.D.N.Y. June 1, 2001)..............15, 17

*Cellamare v. Millbank, Tweed, Hadley & McCloy LLP*,
    No. 03-cv-0039, 2003 WL 22937683 (E.D.N.Y. Dec. 2, 2003).............................................20

*Conley v. Gibson*,
    355 U.S. 41, 78 S. Ct. 99 (1957) ...........................................................................13

*Cuomo v. Mahopac Nat'l Bank*,
    5 A.D.3d 621, 774 N.Y.S.2d 779 (2d Dep't 2004) ................................................14

*Dadgostari v. Katherine Gibbs Schools, Inc.*,
    67 F. App'x 38 (2d Cir. 2003) ...............................................................................13

*District of Columbia Court of Appeals v. Feldman*,
    460 U.S. 462 (1983) .................................................................................................8

*Done v. Wells Fargo Bank, N.A.*,
    No. 08-CV-3040, 2009 WL 2959619 (E.D.N.Y. Sept. 14, 2009) ...........................8

*East Coast Novelty Co. v. City of New York*,
    842 F. Supp. 117 (S.D.N.Y. 1994) .......................................................................22

*Estate of Keys v. Union Planters Bank, N.A.*,
    578 F. Supp. 2d 629 (S.D.N.Y. 2008) ..................................................................10

*Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust Co.*,
    375 F.3d 168 (2d Cir. 2004) ..................................................................................20

*Fletcher v. Atex, Inc.*,
    68 F.3d 1451 (2d Cir. 1995) ..................................................................................10

*Fremont Inv. & Loan v. Haley*,
    23 Misc. 3d 1138(A), 889 N.Y.S.2d 505, 2009 WL 1636915 (Sup. Ct. Queens Cnty.
    June 11, 2009) ........................................................................................................18

*Fremont Inv. & Loan v. Laroc*,
    21 Misc. 3d 1124(A), 873 N.Y.S.2d 511, 2008 WL 4764809 (Sup. Ct. Queens Cnty.
    Oct. 8, 2008) ..........................................................................................................18

*Garcia v. GMAC Mortg., LLC*,
    No. CV-09-0891-PHX-GMS, 2009 WL 2782791 (D. Ariz. Aug. 31, 2009) .........19

*Gilson v. Metro. Opera*,
    5 N.Y.3d 574, 841 N.E.2d 747, 807 N.Y.S.2d 588 (2005) ...................................14

*Glassman v. Zoref*,
    291 A.D.2d 430, 737 N.Y.S.2d 537 (2d Dep't 2002) ...........................................17

*GMA Accessories, Inc. v. Idea Nuova, Inc.*,
    157 F. Supp. 2d 234 (S.D.N.Y. 2000) ..................................................................22

*Gorham-DiMaggio v. Countrywide Home Loans, Inc.*,
　　No. 1:08-CV-019, 2009 WL 1748743 (N.D.N.Y. June 19, 2009)..........................................18

*Gray v. Americredit Fin. Servs., Inc.*,
　　No. 07 Civ. 4039, 2009 WL 1787710 (S.D.N.Y. Jun. 23, 2009)..........................................8, 9

*Haines v. Kerner*,
　　404 U.S. 519 (1972)........................................................................................................13

*Howell v. N.Y. Post Co.*,
　　81 N.Y.2d 115, 612 N.E.2d 699, 596 N.Y.S.2d 350 (1993)..............................................25

*In re Bocker*,
　　123 B.R. 164 (E.D.N.Y. 1991) .........................................................................................11

*In re Drexel Burnham Lambert Group, Inc.*,
　　160 B.R. 508 (S.D.N.Y. 1993).........................................................................................12

*In re Glenayre Tech., Inc. Sec. Litig.*,
　　982 F. Supp. 294 (S.D.N.Y. 1997)...................................................................................22

*In re Madera*,
　　586 F.3d 228 (3d Cir. 2009)..............................................................................................9

*Interoceanica Corp. v. Sound Pilots, Inc.*,
　　107 F.3d 86 (2d Cir. 1997)..............................................................................................10

*John Street Leasehold v. F.D.I.C.*,
　　No. 95 Civ. 10174 JGK, 1996 WL 737196 (S.D.N.Y. Dec. 24, 1996) ...............................22

*Joseph v. Northwood Group, LLC*,
　　No. 08 Civ. 3644 (NRB), 2009 WL 2252336 (S.D.N.Y. 2009) ......................................12, 13

*Katz v. Dime Savings Bank*,
　　992 F. Supp. 250 (W.D.N.Y. 1997) .................................................................................19

*Kropelnicki v. Siegel*,
　　290 F.3d 118 (2d Cir. 2002)..............................................................................................8

*Kurtzman v. Bergstol*,
　　40 A.D.3d 588, 835 N.Y.S.2d 644 (2d Dep't 2007).........................................................14

*Lance v. Dennis*,
　　546 U.S. 459 (2006).........................................................................................................8

*Lum v. New Century Mortg. Corp.*,
　　19 A.D.3d 558, 800 N.Y.S.2d 408 (2d Dep't 2005)..........................................................23

*Mayfield v. General Electric Capital Corp.,*
   No. 97-cv-2786 (DAB), 1999 WL 182586 (S.D.N.Y. Mar. 31, 1999)...........................16, 17

*McAnaney v. Astoria Fin. Corp.,*
   No. 04-CV-1101(JFB)(WDW), 2007 WL 2702348 (E.D.N.Y. Sept. 12, 2007) ...............17, 18

*Mercado v. Playa Realty Corp.,*
   No. CV 03-3427(JO), 2005 WL 1594306 (E.D.N.Y. July 7, 2005) .................................11, 18

*Mills v. Polar Molecular Corp.,*
   12 F.3d 1175 (2d Cir. 1993)..................................................................................................21

*Musalli Factory for Gold & Jewelry v. JP Morgan Chase Bank, N.A.,*
   261 F.R.D. 13 (S.D.N.Y. 2009) ...........................................................................................23

*Pike v. New York Life Ins. Co.,*
   72 A.D.3d 1043, 901 N.Y.S.2d 76 (2d Dep't 2010) ............................................................14

*River Glen Assocs. v. Merrill Lynch Credit Corp.,*
   295 A.D.2d 274, 743 N.Y.S.2d 870 (1st Dep't 2002) ..........................................................14

*Rivera v. Greenberg,*
   243 A.D.2d 697, 663 N.Y.S.2d 628 (2d Dep't 1997) ..........................................................22

*Rooker v. Fidelity Trust Co.,*
   263 U.S. 413 (1923)................................................................................................................7

*Rosenshein v. Kleban,*
   918 F. Supp. 98 (S.D.N.Y. 1996) .........................................................................................12

*Ryan v. New York Tel. Co.,*
   62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984)................................................10

*Saidin v. New York City Dep't of Educ.,*
   498 F. Supp. 2d 683 (S.D.N.Y. 2007)...................................................................................13

*Scala v. Sequor Group, Inc.,*
   No. 94 Civ. 0449(LAP), 1995 WL 225625 (S.D.N.Y. 1995) ...............................................23

*Scavenger, Inc. v. GT Interactive Software Corp.,*
   289 A.D.2d 58, 734 N.Y.S.2d 141 (1st Dep't 2001) ............................................................23

*Schlaifer Nance & Co. v. Estate of Warhol,*
   119 F.3d 91 (2d Cir. 1997).....................................................................................................20

*Shields v. Citytrust Bancorp, Inc.,*
   25 F.3d 1124 (2d Cir. 1994)...................................................................................................21

vi

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
   547 F.3d 406 (2d Cir. 2008)................................................................2

*Stagl v. Delta Airlines, Inc.*,
   52 F.3d 463 (2d Cir. 1995)................................................................14

*Stuart Silver Assocs., Inc. v. Baco Dev. Corp.*,
   245 A.D.2d 96, 665 N.Y.S.2d 415 (1st Dep't 2008) ..........................22

*U.S. ex rel. Woods v. Empire Blue Cross & Blue Shield*,
   No. 99 Civ. 4968 (DC), 2002 WL 1905899 (S.D.N.Y. Aug. 19, 2002) .................................21

*Vogler v. Countrywide Home Loans, Inc.*,
   No. 1:10cv370, 2010 WL 3394034 (M.D.N.C. Aug. 26, 2010) ...........................23

*Watkins v. American Mortg. Associates, Inc.*,
   No. 4:09CV00835 SWW, 2010 WL 1417973 (E.D. Ark. Mar. 31, 2010) ...........................19

*Webster v. Wells Fargo Bank, NA*,
   No. 08 Civ. 10145, 2009 WL 5178654 (S.D.N.Y. Dec. 23, 2009)................................8, 9, 10

*Williams v. Aries Fin., LLC*,
   No. 09-cv-1816, 2009 WL 3851675 (E.D.N.Y. Nov. 18, 2009) ...........................17


**STATUTES AND OTHER AUTHORITIES**

11 U.S.C. § 521(1) ................................................................................12

11 U.S.C. § 541(a)(1) ...........................................................................11

FED. R. CIV. P. 8 ..................................................................................13

FED. R. CIV. P. 9(b) .........................................................................20-22

FED. R. CIV. P. 12(b)(1) ......................................................................1, 25

FED. R. CIV. P. 12(b)(6) ..................................................................1, 12, 25

Federal Real Estate Settlement Procedures Act, 12 USC § 2601, *et seq.*...............................17-19

Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*. .................................................15-17

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this memorandum in support of its motion, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims asserted against it by Plaintiffs Rodney and Dawn Chestnut ("Plaintiffs") in their "Original Petition," filed September 17, 2010 ("Complaint" or "Compl.").

In an Order dated October 18, 2010, this Court granted Wells Fargo the opportunity to submit this formal motion to dismiss, instead of solely relying on its papers submitted in opposition to Plaintiffs' motions for a temporary restraining order and a preliminary injunction. Wells Fargo appreciates the opportunity and submits this motion to provide the Court with additional bases on which the Complaint should be dismissed.

As further detailed herein, because (1) this Court lacks subject matter jurisdiction, (2) Plaintiffs are collaterally estopped from bringing this action, and (3) the asserted claims are deficient as plead, the Complaint should be dismissed in its entirely and with prejudice.

## PRELIMINARY STATEMENT

More than three years after the New York Supreme Court, Suffolk County ("State Court") granted Wells Fargo a Judgment of Foreclosure and Sale ("Judgment of Foreclosure"), after the State Court repeatedly rejected Plaintiffs' attempt to vacate the Judgment of Foreclosure and after the property at issue has been sold at auction, Plaintiffs bring this action to void the Judgment of Foreclosure. This action is a *fourth* bite at the apple.

The Complaint should be dismissed because this Court lacks subject matter jurisdiction to overturn the State Court judgment. Furthermore, Plaintiffs' claims are barred by collateral estoppel and *res judicata* because the exact same issues have already been addressed, and rejected, by the State Court. Dismissal is also appropriate because Plaintiffs' claims are insufficiently plead. Five of the claims are simply "made up," two of the claims cannot be brought against a mortgagee, three of the claims are time-barred, and the rest fail to state a viable claim.

1

For all of these reasons, Wells Fargo respectfully requests that its Motion to Dismiss the Complaint be granted, with prejudice.

## BACKGROUND

### A.      The Parties

Plaintiffs Rodney and Dawn Chestnut ("Plaintiffs") are individuals, residing in New York, and the former owners and mortgagors of real property located at 112 W. Bartlett Road, Middle Island, New York 11953 (the "Property").

Defendant Wells Fargo Bank, N.A. is a national banking association which does business in New York, and is the holder of the note and mortgage encumbering the Property.

### B.      The Mortgage Loan

On or about August 10, 2005, Plaintiffs obtained a mortgage loan for $280,000.00 in principal from Fremont Investment & Loan, as memorialized in a promissory note and secured by a mortgage on the Property.[1]  The Note and Mortgage were subsequently assigned to Wells Fargo.[2]  In or about April 2006, Plaintiffs defaulted on the contractually-required mortgage loan payments and failed to cure their default.[3]  Although Plaintiffs continued to reside at the Property, Plaintiffs have not made mortgage loan payments for the past four years.

### C.      Wells Fargo Files The Foreclosure Action in State Court

The current action is related to a residential mortgage foreclosure action filed in the Supreme Court of Suffolk County, New York ("Foreclosure Action"), entitled *Wells Fargo v. Chestnut, et al.,* Index No. 019840/2006 (Sup. Ct. Suffolk Cnty. July 25, 2006).  Wells Fargo

---

[1] The Mortgage and Note are attached as **Exhibits A and B**, respectively, to the Declaration of Renee Garcia, dated November 1, 2010 ("Garcia Decl.").  As explained in the Garcia Decl., Exhibits A through G are documents that were attached to Wells Fargo's Motion for Judgment of Foreclosure and Sale, filed on or about April 23, 2007 in the Foreclosure Action.  This Court may take judicial notice of the state court proceedings. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)  ("[C]ourts routinely take judicial notice of documents filed in other courts to establish the fact of such litigation and related filings." (citation omitted)).
[2] A copy of the Assignment, dated June 16, 2006, is attached as **Exhibit D** to the Garcia Decl.
[3] A copy of the Default Notice, dated May 16, 2006, is attached as **Exhibit C** to the Garcia Decl.

commenced the Foreclosure Action by filing a Lis Pendens, Summons, and Complaint on or about July 25, 2006 against Plaintiffs. (*See* Garcia Decl. Ex. E.) Plaintiff Rodney Chestnut answered the complaint on or about August 23, 2006, by letter.[4] Dawn Chestnut did not respond to the complaint.[5]

Wells Fargo filed a motion for summary judgment, which Plaintiffs failed to oppose, and summary judgment was granted on February 7, 2007. (Garcia Decl. Ex. G.) Wells Fargo then moved, unopposed, for a Judgment of Foreclosure, which was entered on July 18, 2007. (Garcia Decl. Ex. H.)  All motion papers were served on Plaintiffs at the Property.

**D.     Plaintiffs File for Bankruptcy in the E.D.N.Y.**

On September 5, 2007, Rodney Chestnut filed a Voluntary Petition in the Bankruptcy Court in the Eastern District of New York declaring Chapter 13 bankruptcy ("Bankruptcy Action"). (Docket No. 07-73429, No. 1; Garcia Decl. Ex. I.)  Mr. Chestnut entered into a payment plan with the bankruptcy trustee and subsequently defaulted on his payments.  Thus, the Bankruptcy Action was dismissed on December 19, 2008. (Docket No. 07-73429, No. 41; Garcia Decl. Ex. J.)

**E.     Chestnut Moves to Vacate the Judgment of Foreclosure**

Having been dismissed from bankruptcy court, Rodney Chestnut filed *pro se* a Motion to Vacate Judgment and Dismiss Complaint, on or about January 8, 2009 ("First Motion to Vacate") in the State Court. (Garcia Decl. Ex. K.) Chestnut argued, *inter alia*, that (1) Wells Fargo did not own the note and mortgage; (2) did not have standing to sue; (3) the court lacked

---

[4] A copy of Rodney Chestnut's "answer" is attached as **Exhibit F** to the Garcia Decl.  The letter states in its entirety: "I Rodney Chestnut am vehemently disputing the amount owed, as stated in the summons.  I'm already in the process of resolving this unfortunate and stressful matter, through legal means. This correspondence is in response to the summons that was served to this writer."

[5] *See* Order Granting Summary Judgment and Appointing Referee to Compute, dated February 7, 2007, attached as **Exhibit G** to the Garcia Decl., striking Rodney Chestnut's answer and declaring all other defendants to be in default.

subject matter and personal jurisdiction; (4) the complaint failed to state a claim; (5) the assignment of mortgage "constitute[d] a lack of proper or legal ownership"; (6) the lis pendens failed to have a certification pursuant to 22 NYCRR 130.1-1(c) attached; and (7) Wells Fargo failed to join the necessary parties. (*Id*.) The motion was denied on August 13, 2009 by an Order holding that "Defendant has failed to provide a reasonable excuse for his failure to submit opposition papers to plaintiff's original application and has failed to set forth any showing of a meritorious defense to this mortgage foreclosure action." (Garcia Decl. Ex. L, p. 2.) Upon information and belief, Plaintiffs did not appeal that decision.

**F.    Chestnut Moves for Reconsideration and, Again, for Vacatur and Dismissal in the State Court**

On or about March 23, 2010, now four years after Wells Fargo commenced the Foreclosure Action – during which time Plaintiffs are residing at the Property without repaying their mortgage loan – Rodney Chestnut filed a "Motion for Reconsideration of Previous Facts and Issue and to Dismiss the Foreclosure Action for Expiration of Lis Pendis [sic] with Prejudice" ("Motion for Reconsideration"). (Garcia Decl. Ex. M.)

In his motion, Mr. Chestnut requested that the State Court reconsider its August 13, 2009 decision denying the First Motion to Vacate (Garcia Decl. Ex. L) and dismiss the Foreclosure Action for the following reasons, amongst others: (1) lack of personal jurisdiction due to service defects; (2) lack of subject matter jurisdiction; (3) the complaint fails to state a claim; (4) the proceedings are "frivolous in that plaintiff's claim of having true and legal ownership of the premises and false [sic]"; and (5) issues related to predatory lending including that the "trustee participated in such illegal and constitutional practice."[6] (Garcia Decl. Ex. M ¶¶ 3, 5, 6, 7, and 9.) By the motion, Chestnut sought vacatur of the Judgment of Foreclosure, dismissal of the

---

[6] Chestnut falsely swore that "no other motions or the relief sought has been requested by the defendant in this court of any other court in the State of New York." (Garcia Decl. Ex. M ¶ 20.)

complaint, a declaration that the mortgage is void, and damages. (*Id*. at ¶ 21 and p. 7.)

Two weeks later, on or about April 2, 2010, Chestnut moved for "An Emergency Order to Show Cause For a Stay of the Sale and the Immediate Dismissal of Complaint and Vacatur Judgment with Prejudice On Issue of Expiration of the Lis Pendis [sic] and Lack of Leave to Extend Such" ("Second Motion to Vacate"). (Garcia Decl. Ex. N.) Chestnut reiterated the same arguments as in the First Motion to Vacate and the Motion for Reconsideration, namely, that Wells Fargo does not have standing and that the lis pendens had expired.

The Motion for Reconsideration was denied in a Short Form Order dated May 14, 2010 in which Justice Tanenbaum, sitting in the Suffolk County Supreme Court, explained "[Chestnut's] motions raise the identical issues raised in his prior May, 2009 application which was denied by the Court.  No basis therefore exists to reargue and renew the prior application and further delay the foreclosure sale." (Garcia Decl. Ex. O.) The Court further noted that Plaintiffs had not made mortgage payments since 2006 and ordered that "the referee is directed to forthwith reschedule the foreclosure sale and to notify all necessary parties," explaining that the foreclosure sale scheduled to auction the premises had been cancelled three times because of the bankruptcy filing and Chestnut's two motions to vacate. *Id*.  Upon information and belief, Plaintiffs did not appeal this decision either.

**G.     The Instant Action**

Having been denied relief in the State Court, Plaintiffs now bring this action in the unwarranted hope of a more favorable result.

**1.     The Complaint**

On or about September 17, 2010, Plaintiffs filed this action against Wells Fargo.

Although unclear from the rambling "Original Petition" ("Complaint" or "Compl."),[7] Plaintiffs

appear to assert the following claims:

(1) Lack of Standing ("Count 1");
(2) "Criminal Conspiracy and Theft" ("Count 2");
(3) "Agent Practiced Up-Selling" ("Count 3");
(4) Fraudulent Inducement ("Count 4");
(5) "Extra Profit on Sale of Predatory Loan Product" ("Count 5");
(6) "Lender Attempting to Fraudulently Collect on Void Lien" ("Count 6");
(7) "Lender Profit by Credit Default Swap Derivatives" ("Count 7");
(8) "Lender Changed False Fees" ("Count 8");
(9) "RESPA Penalty" ("Count 9");
(10) "Lender Conspired with Appraiser" ("Count 10");
(11) "Lender Conspired with Trustee" ("Count 11");
(12) "Deceptive Advertising and Unfair Business Practices" ("Count 12");
(13) "Equitable Tolling for TILA and RESPA" ("Count 13");
(14) "Business Practices Concerning Disregarding of Underwriting Standards" ("Count 14");
(15) Unjust Enrichment ("Count 15");
(16) Claim to Quiet Title ("Count 16");
(17) "Sufficiency of Pleading" ("Count 17");
(18) Breach of Fiduciary Duty ("Count 18");
(19) Negligence/Negligence Per Se ("Count 19");
(20) Common Law Fraud ("Count 20");
(21) Violation of the Breach of the Implied Covenant of Good Faith and Fair Dealing ("Count 21");
(22) Violation of the Truth in Lending Act ("Count 22"); and
(23) Intentional Inflection of Emotional Distress ("Count 23").

Plaintiffs seek, *inter alia*, (1) an emergency restraining order enjoining Wells Fargo from

foreclosing on the Property; (2) a permanent injunction "enjoining Defendants from engaging in

the fraudulent, deceptive, predatory and negligent acts and practices alleged"; (3) quiet title to

the Property; (4) rescission of the loan and restitution to Plaintiffs; (5) "disgorgement of all

amounts wrongfully acquired"; (6) damages, both punitive and actual; and (7) attorney's fees and

costs (despite having appeared *pro se*). (Compl. p. 24.)

## 2.     The Petitions for Temporary Injunction and Restraining Order

On the same day they filed the Complaint, Plaintiffs also filed a Petition for Temporary

Injunction and a Petition for Restraining Order, arguing that they would suffer imminent and

irreparable injury if Wells Fargo is not prevented from foreclosing on the Property (although the

Judgment of Foreclosure had been issued three years prior), that Plaintiffs would prevail on the

---

[7] A copy of the Complaint is attached as **Exhibit P** to the Garcia Decl.

merits, and that the harm to Plaintiffs outweighs the harm an injunction would inflict on Wells

Fargo. [Rec. Doc. Nos. 2 and 3]  Wells Fargo opposed the Petitions on October 14, 2010. [Rec.

Doc. Nos. 16 and 17.]

> **3.      The Court's October 19 Order**

On October 19, 2010, this Court issued a Memorandum & Order denying Plaintiffs'

Petitions for Temporary Injunction and Restraining Order as moot in light of the October 4th sale

of the Property. [Rec. Doc. No. 19.]  The Court found that "Plaintiffs ha[d] failed to show a

likelihood of success on the merits or sufficiently serious questions going to the merits given,

among other things, Defendant's *Rooker-Feldman* and collateral estoppel arguments." *Id.*  The

Court also held that because Plaintiffs have lived "rent free" for four years, the balance of

hardships did not tip in their favor.  *Id.*

**H.      The Property Has Been Sold**

On September 3, 2010, Wells Fargo served on Plaintiffs a Notice of Sale in which the

appointed Referee advised that on October 4, 2010, the Property would be sold at Public Action

to the highest bidder at the Brookhaven Town Hall, 1 Independence Hill, Farmingville, NY

11738 at 9:00am.[8] On that day, the Property was sold at auction and deeded to Wells Fargo.[9]

The foreclosure action therefore has now been concluded.

<u>ARGUMENT</u>

**I.      <u>THIS COURT LACKS SUBJECT MATTER JURISDICTION</u>**

The *Rooker-Feldman* doctrine precludes Plaintiffs' claims seeking rescission, voiding the

mortgage, requesting declaratory relief to quiet title, or providing any defense to the foreclosure.

The *Rooker-Feldman* doctrine, based on the Supreme Court cases *Rooker v. Fidelity Trust Co.*,

---

[8] A copy of the Notice of Sale is attached as **Exhibit Q** to the Garcia Decl.
[9] Copies of the Memorandum of Sale is attached as **Exhibit R** to the Garcia Decl.

263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), precludes federal district courts from exercising appellate jurisdiction over final state court judgments. *Lance v. Dennis,* 546 U.S. 459, 463 (2006).  The *Rooker-Feldman* doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the "state court judgment was erroneously entered or was void." *Kropelnicki v. Siegel,* 290 F.3d 118, 129 (2d Cir. 2002).  "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine." *Webster v. Wells Fargo Bank, NA,* No. 08 Civ. 10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009) (quoting *Done v. Wells Fargo Bank*, *N.A.*, No. 08-CV-3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009)); *accord Gray v. Americredit Fin. Servs.*, *Inc.*, No. 07 Civ. 4039, 2009 WL 1787710, at *3-4 (S.D.N.Y. Jun. 23, 2009).

The decision in *Webster v. Wells Fargo Bank* is instructive.  *Webster* also involved mortgagors who attempted to prevent a foreclosure action in New York Supreme Court, lost, and thereafter brought a federal action for fraud seeking to collaterally attack the judgment of foreclosure. 2009 WL 5178654, at *2-3. The Court denied the fraud claims because "although Plaintiffs' legal theory sounds in fraud, the harm they seek to remedy is in fact the New York Supreme Court's judgment permitting foreclosure to proceed" rendering the Court without "jurisdiction either to overturn the New York Supreme Court's decision or to compensate Plaintiffs for Wells Fargo's foreclosure pursuant thereto." *Id*. at *6.

All of Plaintiffs' claims here are directed to the origination of the mortgage loan, and bear on Wells Fargo's ability and right to foreclose on the Mortgage as illustrated by the list of issues Plaintiffs raise in their motion: that Wells Fargo lacks standing, that Wells Fargo is not a real party in interest, that no valid lien exists, that the mortgage contract was fraudulent, and so forth. (Compl., p. 6.)  Plaintiffs specifically ask this Court to undermine the Judgment of Foreclosure

and three Orders by the State Court when they request "declaratory relief as to what (if any) party, entity or individual or group thereof is the owner of the promissory note executed at the time of the loan closing, and whether the Deed of Trust (Mortgage) secures any obligation of the Petitioner, and a Mandatory Injunction requiring re-conveyance of the subject property to the Petitioner or, in the alternative a Final Judgment granting Petitioner Quiet Title in the subject property." (Compl., p. 7.) Plaintiffs' further request for rescission of the loan would also negate the Judgment of Foreclosure, as a "mortgage foreclosure action depends upon the existence of a valid mortgage." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009).

*Rooker-Feldman* prohibits such an outcome. *See Ashby v. Polinsky*, No. 07-1845-cv, 2009 WL 1262962, at *1 (2d Cir. May 6, 2009) (affirming dismissal of complaint challenging validity of state foreclosure proceeding); *In re Madera*, 586 F.3d at 232 (state court foreclosure judgment entered on default prohibited court from exercising jurisdiction over plaintiffs' TILA claims seeking rescission); *Webster*, 2009 WL 5178654, at *6 (state court foreclosure judgment prevented federal court from exercising jurisdiction over plaintiffs' claim that would render mortgage void); *Gray,* 2009 WL 1787710, at *4 ("Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the Rooker-Feldman doctrine from attacking the state court judgment in federal district court."). The appropriate forum for Plaintiffs to direct their grievances was the Appellate Division, but they did not appeal the Orders or the Judgment of Foreclosure. They do not now get another chance in Federal Court.

## II.    THE CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL

Even if the Court had jurisdiction to hear the claims, Plaintiffs would be barred from bringing the claims by collateral estoppel and *res judicata*. Under New York law, "[t]he doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an

issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same.'" *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995) (quoting *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487, 490 (1984)). Collateral estoppel "applies when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits." *Estate of Keys v. Union Planters Bank, N.A.*, 578 F. Supp. 2d 629, 635 (S.D.N.Y. 2008) (internal citation omitted); *see also Webster*, 2009 WL 5178654, at *9-10 (borrowers were collaterally estopped from rearguing the validity of a mortgage when that issue had been decided in the state court foreclosure action). *Res judicata* applies where the claims stem from the same "nucleus of operative fact" as those brought in another forum. *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997).

At their heart, all of Plaintiffs' claims go to Wells Fargo's right to foreclose on the Mortgage.  Many of the arguments made in the instant Complaint were set forth by the motions filed in the Foreclosure Action, including that Wells Fargo lacked standing  (First Motion to Vacate, ¶¶ 10, 16a; Second Motion to Vacate, ¶ 3), that Wells Fargo was not the real party in interest (First Motion to Vacate, ¶¶ 3, 5, 17; Motion for Reconsideration, ¶ 7), and that there were predatory lending/"illegal" practices in the administration of the trust (Motion for Reconsideration, ¶ 9). The State Court already considered these arguments and found that none were meritorious defenses to the foreclosure. (Garcia Decl. Exs. L and O.)

To the extent Plaintiffs now seeks to assert new claims/defenses not presented in the Foreclosure Action, those claims are barred as well.  *Estate of Keys,* 578 F. Supp. 2d at 637 (rejecting the plaintiff's attempts to challenge the propriety of the state court's original judgment

10

of foreclosure by asserting new claims in the federal action because those claims should have been raised in the state court action.); *Mercado v. Playa Realty Corp.,* No. CV 03-3427(JO), 2005 WL 1594306, at *7 (E.D.N.Y. July 7, 2005) (determining plaintiff could have asserted the new claims she was raising in her federal action during the foreclosure action as counterclaims, therefore the claims were barred by the doctrine of *res judicata*); *Beckford v. Citibank N.A.*, No. 00 Civ. 205 DLC, 2000 WL 1585684, *3 (S.D.N.Y. Oct. 24, 2000) (same).

Thus, because (1) Plaintiffs raise the same issues, *i.e.* whether Wells Fargo has a valid security interest and a right to foreclose on that interest, (2) the issues were already decided in Wells Fargo's favor, (3) Plaintiffs had a full and fair opportunity to litigate and did so as a party to the Foreclosure Action,[10] and (4) the issues went to the very heart of the Foreclosure Action, Plaintiffs are barred from raising the same issue in this Court in the hope of obtaining a more favorable decision.

## III.   RODNEY CHESTNUT LACKS STANDING TO BRING THE INSTANT CLAIMS

As discussed *supra*, on September 5, 2007, Plaintiff Rodney Chestnut filed a Voluntary Petition in the Bankruptcy Court of the Eastern District of New York declaring Chapter 13 bankruptcy. The Bankruptcy Code provides that at the time of commencement of the bankruptcy proceeding, the bankruptcy estate includes "all legal or equitable interests of the debtor." 11 U.S.C. § 541(a)(1).  Mr. Chestnut, however, failed to disclose the instant lawsuit and to declare his purported claims as an asset in the bankruptcy proceeding.[11] (Garcia Decl. Ex. I.)

Because Mr. Chestnut failed to disclose his claims as an asset in the bankruptcy petition,

---

[10] Res judicata applies to Dawn Chestnut as well, even though she defaulted in the Foreclosure Action. *See In re Bocker*, 123 B.R. 164, 165 (E.D.N.Y. 1991) (upholding bankruptcy court's dismissal of usury claim where state court judgment of foreclosure had already been entered on default).

[11] When asked if he had "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," he answered "None."  *See* Garcia Decl., Ex. I., Schedule B, Item 21.  He further neglected to identify the Foreclosure Action in his "Statement Pursuant to Local Bankruptcy Rule 1073-2(b)." *See* Garcia Decl. Ex. I.

those claims remain the property of the bankruptcy estate. *In re Drexel Burnham Lambert Group, Inc.*, 160 B.R. 508, 514 (S.D.N.Y. 1993) ("By operation of 11 U.S.C. § 554(c) and (d), any asset not scheduled pursuant to 11 U.S.C. § 521(1) remains property of the bankrupt estate, and the debtor loses all rights to enforce it in his own name.").  Rodney Chestnut, therefore, lacks standing to bring the instant Action. *See Rosenshein v. Kleban*, 918 F. Supp. 98, 103 (S.D.N.Y. 1996) ("Courts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and the claims must be dismissed.").

## IV.    THE COMPLAINT FAILS TO STATE A CLAIM

Although on a motion to dismiss a court must accept all factual allegations in the complaint as true and draw all inferences in plaintiff's favor, a claim must be "plausible on its face" to survive a motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*).  To survive a motion to dismiss for failure to state a claim, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns*, *Inc. v. Shaar Fund, Ltd*, 493 F.3d 87, 98 (2d Cir. 2007) (citing *Twombly*).

The Supreme Court recently heightened the pleading requirements, setting forth a two-step inquiry to determine whether claims survive scrutiny in the context of a 12(b)(6) motion. *Iqbal*, 129 S. Ct. at 1951; *Joseph v. Northwood Grp., LLC,* No. 08 Civ. 3644 (NRB), 2009 WL 2252336 (S.D.N.Y. July 23, 2009).  First, the Court must reject bald allegations that are conclusory and, as a result, are "not entitled to be assumed true."  *Id.*  Second, the Court must

examine the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* As explained below, because the Complaint fails to meet even basic pleading standards, much less the heightened standard set forth in *Iqbal*, each of the twenty-three claims must be dismissed.[12]

### A.    Five of Plaintiffs' Claims Should Be Dismissed Because They Are "Made-up" (Counts 3, 5, 7, 14, 17)

Rule 8 of the Federal Rules of Civil Procedure requires that "a pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *See Twombly*, 550 U.S. at 555 (Rule 8 requires that a complaint include a short and plain statement of the claim sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiffs' vague and confusing allegations in the following Counts do not meet that standard: "Up-Selling" (Count 3); "Extra Profit on Sale of Predatory Loan Product" (Count 5); "Lender Profit by Credit Default Swap Derivatives" (Count 7); "Business Practices Concerning Disregarding of Underwriting Standards" (Count 14); and "Sufficiency of Pleading" (Count 17). Furthermore, none of the Counts are legally-recognized causes of action under New York law. Notably, Plaintiffs do not identify any law or statute pursuant to which they asserts those Counts.

Because Wells Fargo has no notice of the "claims" against it, each of these Counts must be dismissed as fatally deficient. *See Dadgostari v. Katherine Gibbs Schools, Inc.*, 67 F. App'x 38, 40 (2d Cir. 2003) (dismissing plaintiff's claims for failure to provide defendant with notice of

---

[12] Although complaints drafted by pro se plaintiffs are held "'to less stringent standards than formal pleadings drafted by lawyers,'" *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)), "pro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure." *Saidin v. New York City Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007).

underlying claim).

### B.     Two Claims Cannot be Brought Against Mortgagees and Therefore Must be Dismissed (Counts 18 and 19)

Plaintiffs' Counts 18 and 19 assert claims for "breach of fiduciary duty" and "negligence/negligence per se."   To sustain either claim, there must be a duty owed to the plaintiff.[13] *Gilson v. Metro. Opera*, 5 N.Y.3d 574, 576, 841 N.E.2d 747, 748, 807 N.Y.S.2d 588, 589 (2005) ("In any negligence action, the threshold issue before the court is whether the defendant owed a legally recognized duty to the plaintiff."); *Pike v. New York Life Ins. Co.*, 72 A.D.3d 1043, 901 N.Y.S.2d 76, 83 (2d Dep't 2010) (dismissing breach of fiduciary duty claim where plaintiffs failed to demonstrate a special relationship between themselves and defendants).

While Plaintiffs baldly assert that "Defendants [sic] owed a duty of care," Plaintiffs are flatly wrong.   It is well-settled that a lender, such as Wells Fargo, owes no duty of care to borrowers, such as Plaintiffs.   *See Bauer v. Mellon Mortg. Co*., 178 Misc.2d 234, 240, 680 N.Y.S.2d 397, 401 (Sup. Ct. New York Cnty. 1998), *aff'd in part Walts v. First Union Mortg. Corp.,* 259 A.D.2d 322, 686 N.Y.S.2d 428 (1st Dep't 1999) (dismissing a claim for breach of fiduciary duty against a mortgage loan servicer finding there to be no "special relationship apart from the ordinary debtor/creditor relationship"); *Cuomo v. Mahopac Nat'l Bank*, 5 A.D.3d 621, 622, 774 N.Y.S.2d 779, 780 (2d Dep't 2004) (arms-length contractual relationship between borrowers and bank did not give rise to a fiduciary relationship); *River Glen Assocs. v. Merrill Lynch Credit Corp.*, 295 A.D.2d 274, 275, 743 N.Y.S.2d 870, 871 (1st Dep't 2002) ("[T]his Court has repeatedly held [that] an arm's length borrower-lender relationship is not of a

---

[13] To sustain a claim for negligence under New York law, a party "must show that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damages as a proximate result of that breach."   *Stagl v. Delta Airlines, Inc.,* 52 F.3d 463, 467 (2d Cir. 1995). To establish a claim for breach of fiduciary duty, a plaintiff must prove (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages that were directly caused by the defendant's misconduct. *Kurtzman v. Bergstol*, 40 A.D.3d 588, 590, 835 N.Y.S.2d 644, 646 (2d Dep't 2007).

confidential or fiduciary nature and therefore does not support a cause of action for negligent misrepresentation.").

Because no duty exists, Counts 18 and 19 must be dismissed.

**C.     The TILA and RESPA Claims Are Time-Barred and Otherwise Deficient (Counts 8, 9, 13, 22)**

Plaintiffs bring four claims under the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq*. ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. ("RESPA"): "Lender Charged False Fees [under ("RESPA")]" (Count 8); "RESPA Penalty" (Count 9); "Equitable Tolling for TILA and RESPA" (Count 13); and "Violation of the Truth in Lending Act" (Count 22). Because the TILA and RESPA claims are time-barred, Plaintiffs are not entitled to equitable tolling, and because the causes of action otherwise fail to state a claim, these claims must be dismissed.

### 1.     The TILA Claim Fails

#### a.     The TILA Claims Are Time-Barred

As Plaintiffs' acknowledge, the statute of limitations for TILA claims seeking damages is one-year.  (Compl. p. 14.; *see also* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."))[14]

Plaintiffs entered into the Mortgage on or about August 10, 2005, and the statute of limitations began to run on that date. *See Cardiello v. The Money Store, Inc.* ("*Cardiello I*"), No. 00 CIV. 7332, 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001) (citing cases) (dismissing TILA

---

[14] The statute of limitations for a TILA claim is only extended "in an action to collect the debt." *See* 15 U.S.C. § 1640 ("This subsection does not bar a person from asserting a violation of this subchapter in an action *to collect the debt* which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.") (emphasis added). Plaintiffs, however, failed to bring their TILA claims in the foreclosure action.

claim as barred by the statute of limitations and noting that "[i]t is well-settled law that in 'closed-end credit' transactions . . . the 'date of the occurrence of violation' is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiffs").  Plaintiffs filed this action on September 17, 2010, over five years after the consummation of the loan. Their claims, therefore, are time-barred.

Although Plaintiffs also seek rescission, TILA provides a three-day rescission period. 15 U.S.C. § 1635(a).  The rescission period may be extended up to three years only if the creditor fails to deliver "material disclosures" or the notice of right to rescind. § 1635(f) (the statute of limitations "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first.").  Here, Plaintiffs have alleged neither in the Complaint and therefore they are not entitled to extend the statutorily proscribed period. *See Mayfield v. General Electric Capital Corp.,* No. 97-cv-2786 (DAB), 1999 WL 182586, at *7 (S.D.N.Y. Mar. 31, 1999) ("[O]nly failure to provide 'material disclosures' or failure to disclose a right to rescind, give rise to a right to rescind.").  But even if they had plead facts sufficient to extend the time to rescind, because Plaintiffs consummated the Mortgage on August 10, 2005, their right to rescission expired at the latest on August 10, 2008.

### b.    *Plaintiffs Fail to State a Claim Under TILA*

Even if the TILA claims were not barred by the applicable statute of limitations (which they clearly are), the claim would *still* fail. Under 15 U.S.C. § 1641(e), a civil action can be brought against an assignee such as Wells Fargo "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement[.]" 15 U.S.C. § 1641(e). In Count 22, Plaintiffs state: "Petitioner is informed and believes that Defendant's violations of the provisions of law rendered the credit transaction null and void, invalidates Defendant's claimed interest in the Subject Property, and entitles Petitioner to damages as proven at trial."

(Compl. p. 23.)  Plaintiffs do not identify *any violations* on the face of the disclosure statement,

or, in fact, any violation of TILA.  Because Plaintiffs fail to allege that a TILA violation was

apparent on the face of the disclosure statement, Count 22 must be dismissed for this additional

reason. *See, e.g., Burns v. Bank of America*, No. 03 Civ.1685 RMB JCF, 2003 WL 22717827, at

*5 (S.D.N.Y. Nov. 18, 2003); *Mayfield*, 1999 WL 182586, at *4-6.[15]

2.     The RESPA Claims Fail

a.     *The RESPA Claims Are Time-Barred*

The statute of limitation for RESPA violations is either one or three years, depending on

the section allegedly violated. 12 U.S.C. § 2614. In closed-end transactions, such as mortgage

loans, "the date of accrual for the statute of limitations is the date the plaintiff entered the loan

agreement." *Williams v. Aries Fin., LLC*, No. 09-cv-1816, 2009 WL 3851675, at * 8 (E.D.N.Y.

Nov. 18, 2009) (*citing Cardiello*, 2001 WL 604007, at * 3.  Plaintiffs entered into their mortgage

loan in August of 2005, more than *five years* prior to the filing of their complaint. Thus, the

RESPA claims are barred by the statute of limitations.  *See Williams*, 2009 WL 3851675, at *9

(dismissing RESPA claim because it was barred by the statute of limitations).[16]

---

[15] Moreover, Plaintiffs were required to "allege facts sufficient to establish that [they] had causes of action to recover damages for violations of . . . the Federal Truth in Lending Act." *Glassman v. Zoref*, 291 A.D.2d 430, 431, 737 N.Y.S.2d 537, 538 (2d Dep't 2002) (dismissing TILA claims where burden was not met); *see also Aurora Loan Servs. v. Grant*, 17 Misc. 3d 1102(A), 851 N.Y.S.2d 56, at *3 (Sup. Ct. Kings Cnty 2007) (dismissing mortgagor's "purely conclusory" allegations of TILA violations, which were "devoid of any specific facts"). This Plaintiffs fail to do.  Plaintiffs' "naked assertions" of a TILA violation "devoid of further factual enhancement" are exactly the kind of allegations deemed insufficient by the Supreme Court and are not entitled to be presumed true on a motion to dismiss. *Ashcroft*, 129 S.Ct. at 1949, 1951.

[16] Plaintiffs are not entitled to equitable tolling. In order to circumvent the limitations on their TILA and RESPA claims, Plaintiffs request that the Court toll the statute of limitations. This Court has explained that a statute of limitations may only be tolled where (1) the defendant concealed the existence of a cause of action; (2) plaintiff commenced the action within the statutory period from the time that she became aware of her claim; and (3) plaintiff's continuing ignorance was not attributable to lack of diligence. *McAnaney v. Astoria Fin. Corp.*, No. 04-CV-1101(JFB)(WDW), 2007 WL 2702348, at *7 (E.D.N.Y. Sept. 12, 2007). "Stated differently, equitable tolling is permitted where the complainant has been induced or tricked by [an] adversary's misconduct into allowing the filing deadline to pass." *Id.*

Plaintiffs provide no valid basis for this Court to toll the statute of limitations as (1) Plaintiffs do not allege that Wells Fargo took any action to "conceal the existence" of Plaintiffs' purported cause of action, and (2) Plaintiffs did not bring this action within the statutory period.  Because this action was filed *years* after the statute of limitations

b.      *Plaintiffs' Allegations Are Insufficient To State A Cause of Action Under RESPA*

As a preliminary matter, RESPA only applies to "federally related mortgage loans," and it is Plaintiffs' burden to allege and prove that this loan qualifies. *Fremont Inv. & Loan v. Haley,* 23 Misc. 3d 1138(A), 889 N.Y.S.2d 505, 2009 WL 1636915, at *4-5 (Sup. Ct. Queens Cnty. June 11, 2009); *Fremont Inv. & Loan v. Laroc*, 21 Misc. 3d 1124(A), 873 N.Y.S.2d 511, 2008 WL 4764809, at *5 (Sup. Ct. Queens Cnty. Oct. 8, 2008). They have not met that burden.

Furthermore, Plaintiffs merely allege that the lender charged fees that *could have* been improper (Count 8) and that certain closing documents were either erroneous, not timely provided, or not dated and signed (Count 9). None of these allegations is sufficient to sustain a claim under RESPA. Plaintiffs fail to identify a proper basis for the RESPA claims, or the sections of RESPA purportedly violated. *See Twombly*, 550 U.S. at 593.[17]

Finally, the RESPA claim fails for an additional reason – Plaintiffs do not adequately allege that they suffered actual damages, or that Wells Fargo's actions were the proximate cause of such damages, as would be required to sustain a claim. "By alleging a breach of RESPA duties alone without alleging actual damages and the proximate cause of the breach of duty to those damages, Plaintiff[s] fail to state a RESPA claim." *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, No. 1:08-CV-019, 2009 WL 1748743, at *8 (N.D.N.Y. June 19, 2009) (dismissing claim under § 2605(e)(3)). Plaintiffs' conclusory assertion that they suffered "damages" is merely an "unsupported claim of . . . injury," and therefore must be dismissed. *Katz v. Dime Savings Bank*, 992 F. Supp. 250, 257 (W.D.N.Y. 1997) ("Plaintiff cannot defeat

---

had run, and because Plaintiffs have not provided any basis for this Court to toll the statute of limitations, Counts 8, 9, 13, and 22 should be dismissed.

[17] Even if Plaintiffs are attempting to assert claims under sections 2603, 2604, and 2610 of RESPA, the claims would fail as those sections do not provide for private rights of action. *See, e.g., Mercado v. Playa Realty Corp*., No. CV 03-3427, 2005 WL 1594306, at *9 (E.D.N.Y. July 7, 2005) (finding no private right of action under section 2604, and noting that "when considering other sections of RESPA that also fail explicitly to authorize private causes of actions, the majority of courts have refused to recognize any implied right").

defendants' motion [for summary judgment as to RESPA claim] merely by listing economic harm that might have occurred as a result of defendants' conduct.").

### D.    The Remaining Claims are Insufficiently Plead (Counts 1, 2, 4, 6, 10, 11, 12, 15, 16, 20, 21)

The remainder of the Complaint is full of incomprehensible allegations and conclusory assertions.  To the extent the "claims" can be identified, they are being barred by collateral estoppel and *res judicata*.  They should also be dismissed as each Count fails to state a claim upon which relief can be granted.

#### 1.    Plaintiffs' Claim Based on Lack of Standing is Meritless

In an attempt to challenge Wells Fargo's ownership of the note and mortgage and therefore standing to bring the Foreclosure Action, Plaintiffs claim that Wells Fargo did not have standing to foreclose because it did not produce the original note and mortgage, but rather copies of same. (Count 1) Wells Fargo has no obligation to produce the original loan documents in order to establish its standing.[18]  Tellingly, Plaintiffs fail to identify any statute or law requiring that a lender produce the original documents, as no such requirement exists.

Plaintiffs also claim that Wells Fargo has not provided "proper evidence of agency" or evidence of a "special purpose vehicle."  These allegations make no sense and have no merit. Wells Fargo established its standing in the foreclosure action by submitting copies of the note, mortgage and any applicable assignments.  Based on same, the State Court granted a Judgment of Foreclosure.  Plaintiffs cannot again raise standing here, and nevertheless their claims are

---

[18] Borrowers' demands for production of the original note and mortgage have been repeatedly denied by courts nationwide. *See, e.g., Watkins v. American Mortg. Associates, Inc.*, No. 4:09CV00835 SWW, 2010 WL 1417973, at *1 (E.D. Ark. Mar. 31, 2010) (motion to dismiss granted despite demand to inspect note with "blue ink signature"); *Barber v. Countrywide Home Loans, Inc.*, No. 2:09-CV-40-GCM, 2010 WL 398915, at *1-2 (W.D.N.C. Jan. 25, 2010) (same); *Garcia v. GMAC Mortg., LLC*, No. CV-09-0891-PHX-GMS, 2009 WL 2782791, at *3 (D. Ariz. Aug. 31, 2009) (motion to dismiss granted where plaintiffs requested to see the "original blue ink promissory note," but provided no authority or argument which would justify such a request, nor was the Court aware of any such authority).

completely meritless.

2.     The Fraud Claims Are Deficient

Plaintiffs bring claims for "Fraudulent Inducement" (Count 4), "Lender Attempting to Fraudulently Collect of Void Lien" (Count 6), and "Common Law Fraud" (Count 20). Fraud claims require plaintiffs to allege a misrepresentation, knowledge, intent to defraud, reliance, and injury.[19]  In addition, when pleading a claim for fraud, the specificity requirement of Rule 9(b) of the Federal Rules of Civil Procedure must be met, which requires that plaintiffs: "(1) detail the statements (or omissions) that [they] contend[] are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."  *Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 187 (2d Cir. 2004); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Plaintiffs woefully fail to meet that pleading standard here.

*No Material Misrepresentation*: Count 4 for Fraudulent Inducement states in its entirety: "Lender maliciously induced Petitioner to accept a loan product, Lender knew, or should have know, Petitioner could not afford in order to unjustly enrich Lender."  (Compl. p. 10.)  In Count 6, Plaintiffs argue that "Lender sold the security instrument after closing and received consideration in an amount in excess of the lien held by Lender . . . [and] When Lender received consideration while still holding the lien and said consideration was in excess of the amount of the lien, Lender was in a position such that he could not be harmed and could not gain standing

---

[19] A fraud claim under New York law requires a party to "prove five elements by clear and convincing evidence: (1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, and (5) that causes damage to the plaintiff." *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997). To sustain a claim for fraudulent inducement, Plaintiffs must show "[a] misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Cellamare v. Millbank, Tweed, Hadley & McCloy LLP*, No. 03-cv-0039, 2003 WL 22937683, at *7 (E.D.N.Y. Dec. 2, 2003) (internal citations omitted).

to enforce the lien.  The lien was, thereby, rendered void." (Compl. pp. 10-11.)  In Count 20, they allege that "Agents" made certain negligent misrepresentations for the purpose of inducing Plaintiffs to "enter into the LOAN without knowledge or understanding of the terms thereof." (Compl. p. 21.)

Even assuming that Plaintiffs can hold Wells Fargo liable for the actions of the "Lender" and such undisclosed "Agents," Plaintiffs fall far short of stating a fraud claim against Wells Fargo with particularity.  Fatally, Plaintiffs do not identify any misrepresentation made *to Plaintiffs* by Wells Fargo, the Lender, or the "Agents."  Such bald conclusory allegations do not meet Rule 9(b)'s requirement that plaintiffs "set forth the who, what, when, where and how of the alleged fraud." *U.S. ex rel. Woods v. Empire Blue Cross & Blue Shield,* No. 99 Civ. 4968 (DC), 2002 WL 1905899, at *4 (S.D.N.Y. Aug. 19, 2002).  This alone defeats each of Plaintiffs' fraud claims.

*No Intent*: Pursuant to Rule 9(b), a plaintiff must allege "facts that give rise to a strong inference of fraudulent intent," *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (*quoting Mills v. Polar Molecular Corp.*, 12 F.3d 1175, 1175 (2d Cir. 1993)), including "facts to show that defendants had both motive and opportunity to commit fraud" or "by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.*  Plaintiffs allege only conclusorily that the "Lender maliciously induced them to accept the loan" (Count 4) and that "Agents" had intent to induce Plaintiffs, or, alternatively, acted out of negligence (Count 20).  Such bald allegations do not "give rise to a strong inference of fraudulent intent."

*No Justifiable Reliance:* Plaintiffs do not allege that they relied on any misrepresentations but that "Agents made these misrepresentations with the intention of inducing Petitioner to act in reliance." (Compl. p. 21.) Failure to plead that Plaintiffs relied on any of the unidentified

21

misrepresentations also defeats their fraud claims. *John Street Leasehold v. F.D.I.C.*, No. 95 Civ. 10174 JGK, 1996 WL 737196 (S.D.N.Y. Dec. 24, 1996) (dismissing fraud claims for failure to plead reasonable reliance).[20]

*No Injury:* Plaintiffs' conclusory statement that they "sustained damages, including monetary loss, emotional distress, loss of credit, loss of opportunities, attorneys fees and costs" (Compl. p. 21) does not meet the requirements of Rule 9(b) as it is fatally vague and fails to identify a causal link between any statements and any "injury." *See GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 243 (S.D.N.Y. 2000) (dismissing fraud claim where plaintiff "failed to plead how it was injured as a result of [the] allegedly false statement"); *In re Glenayre Tech., Inc. Sec. Litig.*, 982 F. Supp. 294, 297 (S.D.N.Y. 1997) (dismissing complaint that "failed to allege facts indicating a causal link between [defendant's conduct] and any subsequent losses")).

### 3.    The Conspiracy Claims Fail

Plaintiffs bring three claims for conspiracy in the Complaint: "Criminal Conspiracy and Theft" (Count 2), "Lender Conspired with Appraisal" (Count 10), and "Lender Conspired with Trustee" (Count 11).   All of these claims are based upon Plaintiffs' claims for fiduciary duty, fraud, and negligence.

Conspiracy is not, standing alone, an independent cause of action. *Rivera v. Greenberg*, 243 A.D.2d 697, 698, 663 N.Y.S.2d 628 (2d Dep't 1997) ("New York does not recognize civil conspiracy as an independent tort"); *East Coast Novelty Co. v. City of New York*, 842 F. Supp. 117, 122 (S.D.N.Y. 1994) (citation omitted) ("The pleading of a conspiracy may be made only to

---

[20] Further, to the extent Plaintiffs may suggest that they were "induced" into the mortgage loan because they did not understand the terms of the loan, such "reliance" would not be "reasonable." *See Stuart Silver Assocs., Inc. v. Baco Dev. Corp.*, 245 A.D.2d 96, 98–99, 665 N.Y.S.2d 415, 417 (1st Dep't 2008) ("Where a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, he cannot claim justifiable reliance on defendant's misrepresentations.").

connect the actions of the individual defendants with an actionable injury and to establish that these acts flow from a common scheme or plan.). As discussed above, the fraud, negligence, and fiduciary duty claims are insufficient as pleaded and must be dismissed. Because no underlying claims remain, the conspiracy claims must be dismissed as well. *See Musalli Factory for Gold & Jewelry v. JP Morgan Chase Bank, N.A.*, 261 F.R.D. 13, 26 (S.D.N.Y. 2009) (dismissing conspiracy claim); *Scala v. Sequor Group, Inc.*, No. 94 Civ. 0449(LAP), 1995 WL 225625, at * 9 (S.D.N.Y. 1995) (same).

> 4.     No Private Right of Action for "Deceptive Advertising and Unfair Business Practices"

By their claim for "Deceptive Advertising and Unfair Business Practices" (Count 12), Plaintiffs seek to bring a claim under the Federal Trade Commission Act, 15 U.S.C. § 45, *et seq*. However, this claim must be dismissed as the statute does not provide for a private cause of action. *See Vogler v. Countrywide Home Loans, Inc.,* No. 1:10cv370, 2010 WL 3394034, at *4 (M.D.N.C. Aug. 26, 2010).

> 5.     An Unjust Enrichment Claim Is Not Available to Plaintiffs

Unjust enrichment is a quasi-contractual claim unavailable as a defense where the dispute is governed by an express contract. *Ashkir v. Wilson*, No. 98 Civ. 2632, 1999 WL 710788, at * 7 (S.D.N.Y. Sept. 13, 1999); *Scavenger, Inc. v. GT Interactive Software Corp.,* 289 A.D.2d 58, 59, 734 N.Y.S.2d 141, 142 (1st Dep't 2001). Here, the Mortgage (together with the related loan documents) is the express contract that sets forth the parties' understanding and rights with respect to the loan. Because there is an express contract between Plaintiffs and Wells Fargo governing the dispute in this foreclosure action, Count 15 for unjust enrichment must be dismissed. *See Lum v. New Century Mortg. Corp.*, 19 A.D.3d 558, 559-60, 800 N.Y.S.2d 408, 410-11 (2d Dep't 2005) (dismissing unjust enrichment claim due to existence of note and

mortgage).

>    6.    The Claim to Quiet Title Must Be Dismissed

Plaintiffs bring a separate cause of action titled "Complaint To Quiet Title," apparently based on Plaintiffs' claims for rescission and fraud. (Count 16) As discussed *supra*, the claims seeking rescission as well as the fraud claims are meritless, and therefore this claim, which is premised on their validity, should be dismissed.

>    7.    There Is No Violation of the Breach of the Implied Covenant of Good
>          Faith and Fair Dealing

To sustain a cause of action for breach of the implied duty of good faith and fair dealing (Count 21), Plaintiffs must demonstrate that Wells Fargo withheld the benefits of the contract from them or that Wells Fargo sought to prevent performance of the contract. *Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Commerce,* 265 A.D.2d 513, 514, 697 N.Y.S.2d 128, 130 (2d Dep't 1999). Plaintiffs make no such showing here.

None of the allegations set forth in the Complaint show that Wells Fargo withheld the benefits of the Mortgage.[21] Plaintiffs do not even allege, because they cannot, that Wells Fargo prevented Plaintiffs from making mortgage payments, or that it failed to offer them the benefits set forth in the Mortgage or Note.

In fact, by delaying the foreclosure action for years, it is Plaintiffs – not Wells Fargo – who have taken action "injuring the right of [Wells Fargo] to receive the fruits of the contract." *511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500, 746 N.Y.S.2d 131, 135 (2002) (holding that the covenant of good faith and fair dealing "embraces a pledge that neither party shall do anything which will have the effect of destroying

---

[21] Plaintiffs allege that Wells Fargo failed to provide certain disclosures, failed to offer them more affordable products, failed to follow underwriting standards, failed to notify them of default, failed to perform assignments, and failed to respond to a request concerning servicing of the loan. (Compl. p. 22.) Some (if not all) of these allegations are patently false – Plaintiffs were notified of their default and an assignment was executed and recorded. (Garcia Decl. Exs. C and D.)

or injuring the right of the other party to receive the fruits of the contract") (citation omitted).

        8.       The Intentional Infliction of Emotional Distress Claim Is Not Viable

Plaintiffs' last claim is for intentional inflection of emotional distress. (Count 23)  The tort of emotional distress has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress."  *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121, 612 N.E.2d 699, 702, 596 N.Y.S.2d 350, 353 (1993).  The conduct alleged in the Complaint does not meet this standard.  Wells Fargo was properly attempting to foreclose on a Property at which Plaintiffs have resided without making loan payments for four years.  Wells Fargo had a good faith basis for the foreclosure action, namely the default on the Mortgage loan payments that Plaintiffs were contractually obliged to make. Consequently, Count 23 for intentional infliction of emotional distress must fail.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court should dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(1) and 12(b)(6) with prejudice, and grant such other and further relief as it deems appropriate.

New York, New York
November 1, 2010                       Respectfully Submitted,

                                By: __/s/ Renee Garcia_____
                                Allison J. Schoenthal
                                Victoria McKenney
                                Renee Garcia
                                HOGAN LOVELLS US LLP
                                875 Third Avenue
                                New York, New York 10022
                                *Attorneys for Defendant Wells Fargo Bank, N.A.*