**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

APR 1 6 2012 ★

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK ★

LONG ISLAND OFFICE

X = = = = = = = = = = = = = = = = = = = = = = = = = = = =X

RODNEY & DAWN CHESTNUT,

PLAINTIFF,

-AGAINST-                              **Case No# 10-CV-4244
                                       [JS]  [ARL]**

WELLS FARGO BANK, N.A, etal

DEFENDANTS

X = = = = = = = = = = = = = = = = = = = = = = = = = = = =X

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF COMPLAINT FOR THE DENIAL OF RELIEF OF JUDGMENT

By: Rodney Chestnut, Pro-Se
Self Representation of Action
112 West Bartlett Road
Middle Island, New York 11763
Mobile:
Home:
Facmile: (718) 341-2493
Contact Person: Muhammad

To: Sara L. Market, Esq.
Attorneys for Defendant-Wells Fargo Bank, N.A
Houser& Allison, APC
One Grand Central Place
60 E. 42nd Street, Suite 1148
New York, N.Y. 10165
Tele: (212) 490-3333

RECEIVED

APR 1 6 2012

EDNY PRO SE OFFICE

**Date: April 12, 2012**

## <u>TABLE OF CONTENTS</u>

I.  Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Pg. i

II. Statement of Fact/Procedural History . . . . . . . . . . . . . . . . . . . . Pg. v


A. The Mortgage Loan and Assignment of Mortgage . . . . . . . . . .   -1-

B. The Illegal Assignment of Mortgage . . . . . . . . . . . . . . . . . . . . .   -15-

C. The Commencement of Foreclosure Action . . . . . . . . . . . . . . . .   -18-

D. The Unconstitutional Action of Lender and Servicer . . . . . . . .   -20-

E. Newly Discovered Evidence from Security Exchange . . . . . . . .   -21

F. Lower Court's Judgment Deemed Unconstitutional . . . . . . . . . .   -22-


III.   Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -23-

1. New York State Law _non-waivable jurisdictional_ defect . . . . . . . .  -24-

2. Plaintiff is entitled to both a jury trial and the Relief Sought . . . .  -25-

3. Plaintiff can receive relief pursuant to Rule 60(b) as in the matter of

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . .   -27-

## PRELIMINARY STATEMENT

IN REPLY, the plaintiff, **RODNEY CHESTNUT** and wife, **Dawn** whose appearing pro-se herein and correctly exercise its constitutional right to sue the named defendant as it appears in the caption* against the defendant, *WELLS FARGO BANK NATIONALL ASSOCIATION, as Trustee POOLING AND SERVICING AGREEMENT dated February 1st 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR1,* its memorandum of opposition to plaintiff's motion for relief from judgment.

Note: **To make matters of this litigation much more convenient the plaintiff hereby stipulate to the specific time frame from which the Memorandum in Opposition outlines by the defendant herein. However, this paragraph does not agree with the information that dehor the record from the instance of the case below**.

*- THERE WILL BE AN AMENDED COMPLAINT FILED BY THE PLAINTIFF ADDING SEVERAL MORE DEFEDANTS ON THE 13TH DAY OF APRIL 2012 AND THAT SUCH OTHER DEFENDANTS WILL BE NAMED ALONG WITH THE PRESENTLY NAMED DEFENDANT, WELLS FARGO BANK, N.A.

-i-

In light of the details outlined in the defendant's memorandum of law in opposition the plaintiff outline several points of factual allegations that were not addressed or raised in the opposition therein.

This case falls within the purviews of the federal district court since it appears that fraud, mail fraud and other schemes and deception were used to obtain[ed] the illegal judgment of foreclosure and sale of the property belonging to the plaintiff. In reading the opposition, counsel for the defendant has omitted the most damning part of the litigation, to wit; '..the legal standing to sue...', and the lack of jurisdiction. Both state and federal courts recognizes the need for the moving party to have both legal standing and jurisdiction in order to commence an action. The due process clause of the constitution has mandated that such process consist of a legal interest in the real property prior to the adjudication thereof.

The argument made here by the plaintiff is that for nearly five years, there were documentations filed with the Security Exchange Commission regarding this pooling and servicing agreement along with the assignment of mortgage.

-ii-

Secondly, in reply to the opposition purported by the defendants herein, it must be made clear that the memorandum of law in opposition fails to address the following;(a) the legal standing and jurisdiction of Wells Fargo Bank, (b) the legal interest of the trustee, (c) the cut-off date and its untimely submission of the assignment of mortgage, (d) the fact that the assignment was altered-*a fact investigated years after the judgment of foreclosure*, (e) the notarized assignment and the certificate of conformity, (f) that there were more than one assignment of mortgage, (f) that the surplus monies were not delivered to the court clerk's office.

These are among several issues that were not addressed or challenged by the defendant in its memorandum of law in opposition. Therefore, at this point, the plaintiff in his reply memorandum will attempt to clarify these issues.

-iii-

## STATEMENT OF FACT AND PROCEDURAL HISTORY

For the purpose of expeditiousness, the plaintiff herein condenses his facts relevant to the most important aspects of the procedural history relating to the cause of action herein. As outlined in the defendant's memorandum of law in opposition the plaintiff did challenge the illegal judgment over four times by the filing of several orders to show cause in State Supreme Court.

During the foreclosure process and prior to the judgment of foreclosure the plaintiff was not aware of discoverable evidence held in the custody of the Security Exchange Commission by way of a 10K, 8K report. The plaintiff did file an order to show cause which was signed by a judge for a hearing but at no time did the attorney for the bank participate in the hearing. This process lasted for over two years and then the auction and sale was held which the property was then purchased by the defendant, Wells Fargo Bank, N.A.

-iv-

Thereafter, several tenants had filed bankruptcy along with an additional emergency order to show cause which was then denied by the court. All of the newly discovered evidence that was never introduced by the defendant during the four years of litigation and prior to the judgment was never reviewed by the lower state court. The plaintiff had filed a federal complaint after learning and discovering the evidence and proofs needed for a new trial. However, the lower state court did not wish to address the newly discovered evidence and thereby due process was never afforded to the plaintiff Rodney Chestnut herein, which has left all officers of the court of The court open to criminal and civil charges being brought against them For willful violations of their Oaths' of Office, and the blatant violations of the Plaintiffs Constitutional and Civil Rights.

-v-

## **The Mortgage Loan and Assignment of Mortgage**

As outlined in the opposition, a mortgage was purchased by the defendant, Rodney Chestnut on the 10th day of August 2005 and subsequently assigned to Wells Fargo Bank, N.A, on June 16th 2006. The plaintiff does not deny the purchase of the loan, but the fact that the assignment of the mortgage was assigned in violation of the due process clause of the constitution. Secondly, there was the assignment in which was lacking both the certificate of conformity and evidence of legitimacy because of the lack of a corporate resolution.

Most damning was that the assignment was defective on its face because of the defendant's lacked legal standing to sue, and (ii) that the assignment of mortgage was made under fraudulent pretext in direct violation of the Pooling and Servicing Agreement (later referred to as the PSA) which is the governing  law concerning this matter as will be proven,

also absent the certificate of conformity; a corporate resolution and a power of attorney, and (iii) that this court lacks subject matter jurisdiction over the defendants herein because the assignment of mortgage was conveyed against Article II Section 2.01 CONVEYANCE OF MORTGAGE LOANS; REPRESENTATIONS AND WARRANTIES, **See Exhibit-A ( PSA).**

-1-

Therefore the assignments of mortgage that were filed into this action were fraudulent from the inception. It also appears to have been done purposely to deceive the court of which the aforementioned assignment appears to be a robo-signing document, **See Exhibit-B (Assignment of mortgage)** which has two conflicting documents the first was executed and sworn thereto by the notary public official himself [EDGETON MONROE], the plaintiff lacks jurisdiction over defendants because **Jeff Syzmendera** whose signature appears as vice president for MERS, who at the time of the signing was an employee of HOMEQ Servicing, which was the servicing agent for the above mentioned loan, it appears that he also was VP of ARGENT see [*Argent Mtge. Co. v. Ciemins,* **2008-Ohio-5994**].

That the signer of the document was not present during the swearing- aspect of the notary process, because the notary tampered with

'...the assignment of mortgage by whiting out his name stemming from the first assignment and photo copied the documents, then replaced the execution with a different name for the same date, **See Exhibit B (copy of second assignment of mortgage)**,

-2-

(iv) also absent the certificate of conformity; a corporate resolution and a power of attorney accompanied with a corporate resolution since it was executed in the state of North Carolina and the execution date of June 16th 2006....' it has an illegal retro-active date of October 11th 2006. Therefore, according to the (PSA) all governing documents must be submitted to the Trust by the closing date of February 01, 2006. ' warrant that (v) the assignment of mortgage  was executed in a fraudulent matter for several reasons as mentioned above, meaning plaintiff never really possessed clear title to the said property, and that judgment and sale were done illegally and unlawfully as the documents used were defective and still remains unconstitutional.

   a. The illegal foreclosure and sale must be immediately reversed on the
      basis of the facts, to wit; (vi) plaintiff was not the assignee and owner

of the Note and the Mortgage under when it filed this suit.  It has long been New York Law that a plaintiff is a mortgage foreclosure action must have a beneficial interest in the mortgage.


-3-


A foreclosure that has violated its own trust agreement must be reversed, as its actions border on criminal, possibly MISPRISON; especially when it is has recorded the evidence of said act.  Standing is the threshold question in every federal case. See, **Warth v. Seldin**, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed 2d 343 (1975).  Standing " is to be assessed under the facts existing when the complaint is filed. "  (vii) Defendants affidavit is based upon the documents attached to the original complaint, which form part of the complaint and public record. That the plaintiff is not the original lender and it had gained standing based on fraudulent documents, by attaching a copy of a mortgage note bearing no conveyances, undated and not notarized, and an assignment of mortgage from MERS to plaintiff with three different dates: assignment effective on or before April 1, 2006,

Dated June 16, 2006; Executed by the Notary EDGETON MONROE on October 11, 2006 and JEFF SYZMENDERA which appears to be a case of *robo-signing*.  These assignments and lack of endorsements are insufficient to transfer a mortgage to a New York REMIC ("Real Estate Mortgage Investment Conduit") Trust like Plaintiff under the terms of the Trust.

-4-

b. Above assignment was not officially recorded until June 20th 2007 a full year later, and (viii) in this matter Wells Fargo Bank N.A. Sued as Trustee for a specific Trust.  Pursuant to the case laws of the foreclosure statue, the Plaintiff plead that it was the legal holder of the indebtedness and owner of the mortgage.  A Trust is an artificial entity and can only do those acts which it is permitted to do under the documents creating the Trust and the law of the state that governs the Trust for instance 7-2.4 regarding NY Trusts, stating that the instrument governs. Moreover, since the objective was  to create a Trust to serve as a conduit for securitized mortgages passing income through to investors, the documents creating the trust were filed with the SEC as a Form 8-K pursuant to the Securities and Exchange Act of

1934.  The document is available on Edgar (see 1).  These documents filed with the SEC should be telling the truth.  However, as demonstrated in detail in the following paragraphs, under the terms of the instrument creating the Trust, the Plaintiff is not the legal holder of the Mortgage or Note. (ix) Section 2.01 of the Pooling and Servicing Agreement (PSA) creates the Plaintiff Trust as a New York common law trust.

-5-

c. The relevant portions of the PSA are attached hereto as Exhibit A.  New York trust law and the PSA govern the acquisition of mortgage loans by the Trust.

d. The trust's beneficiaries have every expectation when they purchase the trust's certificates that the trustee will promote a uniform interpretation of the trust's terms no matter where the forum.

e. The Trust is created to exchange the Trust Fund for certificates.  The assets described as being conveyed under Section 2.1of the PSA are the Mortgage loans and this Plaintiff plead that it is the legal holder of the Mortgage and the Note. (x)  As detailed below, the Trust does not

own the Note and Mortgage because the transfer alleged in the Complaint could not have taken place according to the terms creating the Trust (the PSA) and New York trust law.

-6-

f.  That an extensive discovery of the facts, including [1] a copy of the note, and [2] a certificate of conformity, [3] a trust and power of attorney,[4] the cancellation of the lis pendens for lack of the attorney's certificate pursuant to 22 NYCRR 130.1-1 [c].

g. The defendant Wells Fargo Bank, along with others, by way of the assignment of mortgage, must be compelled to answer as well whether other sources of ***income verification*** was made and to show and produce the documents relating to the supporting facts for the increase in the mortgage payments. In that the assignment of mortgage is defective and lacks the proper evidence of (1) the power of attorney from the lending bank to the agent commencing the action in

foreclosure, and (2) a corporate resolution or agreement, and (3) a certificate of merit among other things.

-7-

**h.** That the plaintiff's actions did not contribute to the fact that the assignment of mortgage was fraudulently made to cause injury and unjust enrichment of property by the defendant and others.

i. In the matter of **Citi Mortgage, Inc., v. Gretchen Brown, et, al**., of the Supreme Court ,I.A.S Term, Part 37, Suffolk County, ***Hon. Joseph Farneti, J.***, [Index No. 30755/2007], the court held the following, ["....in order to prove standing, plaintiff must demonstrate that it was the owner of the note and mortgage at the time it commenced this foreclosure action, quoting, **Fannie Mae v. Youkelsone**, 303 A.D. 2d 546 [2003].."].

j. Foreclosure of a mortgage may not be brought by one who has no title to it, and absent transfer of the debt, the assignment of the mortgage is a nullity, **Kluge v. Fugazy**, 145 A.D. 2d 537 [1988]. The note secured by the mortgage is a negotiable instrument; see UCC 3-104, which requires indorsement on the instrument itself, or on a paper so firmly affixed thereto as to become part thereof, UCC 3-202[2] in order to effectuate a valid assignment of the entire instrument.

-8-

k. The issue of standing is the chief cause of action and because the assignment was defective on its face and prior to the commencement of the proceedings warrant the relief sought by the plaintiff.

l. As such this court must review the newly discovered facts and evidence submitted to the Security Exchange Commission for the purpose of these proceedings.

m. Furthermore, as it relates to jurisdiction, the fact that the assignment was defective prior to the commencement of the foreclosure action that the entire case including the judgment must be vacated with prejudice.

**n.** Plaintiff did not have an opportunity to challenge the newly discovered evidence before a court therefore, this district court has pendent jurisdiction over the matter and by law can adjudicate as such, United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).

-9-

o. The most important issue herein raised is that the defendant Wells Fargo is not the proper and legal owner of both the note and the mortgage herein in that defendant's actions violated state laws in the clear prohibition against separating a lien from its debt and that defendant does not have standing to bring foreclosure actions, **Merrit v. Bartholick**, 36 N.Y. 44, **45 { '...., a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it..'},** also quoting the matter of **Harry Katz v. East-Village Realty Co**., 249 A.D. 2d 243, 672 N.Y.S. 2d 308 in which the court held that **"....plaintiff's attempt to foreclose upon a mortgage in which he had no legal or equitable interest was without foundation in law**

**or fact..**, and the IAS court's dismissal of the foreclosure action

pursuant to CPLR 3211 (a) [1] was, accordingly appropriate, **Kluge v.**

**Fugazy**, 145 A.D. 2d  537, and "..dismissal was also warranted by

reason of plaintiff's failure to join the party to whom he assigned the

mortgage and who, he concedes, possesses a security interest in the

property....", CPLR 3211 (a) [10].



-10-



p.  The defendant argues that in reading the assignment of mortgage

which **"....HAS NO RETROACTIVE  EFFECTIVE DATE..."** for which

to ascertain as to whether plaintiffs' commencement of action was prior

to or after the purpose and force of the assignment and therefore must

be considered annulled by this court.


q. That the next important concern is that defendant Wells Fargo Bank is

not the proper and legal owner of the premises at issue and that the

note was separated from its debt which violates state laws, see **Griffey**

**v. New York Cent. Ins. Co.**, 100 N.Y. 417, and because of the

assignment of mortgage plaintiff has no legal right to ownership

thereof, **Leon v. Martinez**, 84 N.Y. 2d 83, **Costal Commercial Corp.**

**v. Kosoff & Sons**, 199 N.Y.S. 2d 852.

-11-

The note secured by the mortgage is a negotiable instrument which requires

***indorsement*** on the instrument itself *'...or on a paper thereof in order to*

*effectuate a valid* '...assignment of the entire instrument...' UCC 3-104, UCC

3-202 [2] , UCC 3-202[3], [4], also see the matter of **Flyer v. Sullivan**, 284

App. Div. 697 and **Manne v. Carlson**, 63 N.Y.S. 162.

r.  That the assignment of mortgage within the secondary mortgage

market pursuant to Real Property Law Section 275 (a) support the fact

that a third party is the current and legal owner of said note and that

the mortgage was assigned, ***absent an effective date***, to a third party

as well. More importantly, the court further stated that "...a foreclosure

action may not be brought * * * by one who has no title to it and absent

transfer of the debt, the assignment of the mortgage is a nullity, see **Flyer v. Sullivan**, 284 App. Div. 697, 698 and **Beak v. Walts**, 266 App. Div. 900, **Manne v. Carlson**, 49 App. Div. 276, 278.

-12-

s.  The plaintiff herein argue that the lower court lacked subject matter jurisdiction in connection to the issue of '....the proper party commencing an action for which it did not have legal standing to do so...', and that such unconstitutional act to permit a judgment of foreclosure and sale in violation of the law, must be vacated or rescinded in order to cure the injustice by which plaintiff perpetuated from the out start.

t.  Standing is the ability to commence litigation in a court of law. It is the threshold issue---a court must determine whether a litigant has the

legal capacity to pursue claims before the court can adjudicate the dispute.

u. The defendant has failed to oppose the facts and issues surrounding the newly discovered evidence at this point.

v. The defendant had submitted attachments and other documents as exhibits thereto the order of reference that were not accompanied by the certificate of conformity.

**-13-**

w. That the judgment of foreclosure and sale was obtained in violation of plaintiff's constitutional rights, including the right of confrontation in which the record is devoid of information, evidence and documentation that would tend to support or show that the defendant is the legal owner of the note and mortgage at the time it had commenced these proceedings against **Rodney Chestnut**.

x. That no other persons are beneficially interested in the outcome of these proceedings herein and defendant has not made any request and or similar demands from any other court within the State of New York.

**y.** That the damages and injuries resulting from the illegal and unconstitutional actions of the defendant Wells Fargo Bank and others warrant immediate reversal of the judgment, discharge of mortgage and dismissal of all actions including the eviction and otherwise the lis pendis as well.

**-14-**

## The Illegal Assignment of Mortgage

The transfer of real property and or interest of such must be made by the assignment of mortgage pursuant to New York State Laws, see <u>767 Third Ave. LLC v. Orix Capital Mkts. LLC,</u> **26 A.D.3d 216, 812 N.Y.S.2d 8** (1st Dep't 2006) (no statutory right exists to an assignment of Mortgage), also see the defendant's failure to comply with CPLR 2309(c) in submitting various documents, including, among others, the corrective assignment, which were notarized outside the but not accompanied with a certificate in conformity

with CPLR2309(c),was not a fatal defect, as such certification may be provided nunc pro tunc (*see* CPLR 2001; Betz v Daniel Conti, Inc., **69 AD3d 545**; Matapos Tech. Ltd. v Compania Andina de Comercio Ltd. **68 AD3d 672, 673**; Smith v Allstate Ins. Co., **38 AD3d 522**). "In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (Bank of N.Y. v Silverberg, **86AD3d 274, 279**; *see* Countrywide Home Loans, Inc. v Gress, **68AD3d 709**).

-15-

Where a defendant raises the issue of standing, the plaintiff must prove its standing to be entitled to relief (*see* CitiMortgage, Inc. v Rosenthal, **88 AD3d 759**; U.S. Bank, N.A. v Collymore, **68 AD3d 752, 753**). Moreover, while assignment of a promissory note also effectuates assignment of the mortgage (*see* Bank of N.Y. Silverberg, **86 AD3d at 280**; U.S. Bank, N.A. v Collymore, **68 AD3d at 753-754**;Mortgage Elec. Registration Sys., Inc. v Coakley, **41 AD3d 674**), the converse is not true: since a mortgage is merely security for a debt, it cannot exist independently of the debt, and thus, a transfer or assignment of only the mortgage without the debt is a nullity and no interest

is acquired by it (*see* <u>Deutsche Bank Natl. Trust Co. v Barnett</u>, **88 AD3d 636**; <u>Bank of N.Y. v Silverberg</u>, **86 AD3d at 280**). The failure to record an assignment prior to the commencement of the action is not necessarily fatal since "an assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery" (<u>Bank of N.Y. v Silverberg</u>, **86 AD3d at 280**; *see* <u>Deutsche Bank Natl. Trust Co. v Barnett</u>, **88 AD3d 636**; U.S. Bank, N.A. v Collymore, 68 AD3d at 754; <u>LaSalle Bank Natl. Assn. v Ahearn</u>, **59 AD3d 911, 912**).

-16-

The case before this court surrounds the illegal assignment of mortgage in which the contexts, the contents and execution thereof by notary were all fraudulently done. Furthermore, it appears that the name of the person who allegedly signed the document-that his name was '..***white out..***', and replaced by someone else.

The assignment cannot be corrective and or retroactively made effective, (*see* <u>Countrywide Home Loans, Inc. v Gress</u>, **68 AD3d at 710**; <u>Wells Fargo Bank, N.A. v Marchione</u>, **69 AD3d 204, 210**; <u>LaSalle Bank Natl. Assn. v</u>

Ahearn, **59 AD3d at 912-913**). Therefore, this court can exercise its constitutional authority with pendent jurisdiction to vacate the lower court's judgment with prejudice and dismiss the entire action therein on the basis of fraud and the lack of jurisdiction or standing. Since an assignment of a mortgage without the underlying debt is a nullity (*see* Deutsche Bank Natl. Trust Co. v Barnett, **88 AD3d 636**; Bank of N.Y. v Silverberg, **86 AD3d at 280**), the plaintiff has failed to demonstrate that it had standing to commence this action (*see* Bank of N.Y. v Silverberg, **86 AD3d at 280**; U.S. Bank, N.A. v Collymore, **68 AD3d at 754**).

-17-

### The Commencement of Foreclosure Action

Standing and capacity to sue are related, but distinguishable, legal concepts (*see* Silver v Pataki, **96 NY2d 532, 537** [2001]; Community Bd. 7 of Borough of Manhattan v Schaffer, **84 NY2d 148, 154-155** [1994]; Caprer v Nussbaum, 36 AD3d 176, 181-182 [2006]; Security Pac. Natl. Bank v Evans,

31 AD3d 278, 279 [2006]). Although they are both components of a party's authority to sue (see Matter of Graziano v County of Albany, 3 NY3d 475, 479 [2004]), capacity requires an inquiry into the litigant's status, i.e., its "power to appear and bring its grievance before the court" (Community Bd. 7 of Borough of Manhattan v Schaffer, *supra* at 155), while standing requires an inquiry into whether the litigant has "an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request" (Caprer v Nussbaum, supra at 182).

-18-

Where standing is put into issue by a defendant's answer, a plaintiff must prove its standing if it is to be entitled to relief (*see* TPZ Corp. v Dabbs, 25 AD3d 787, 789 [2006]; *see also* Society of Plastics Indus. v. County of Suffolk, **77 NY2d 761, 769** [1991] [standing "is an aspect of justiciability which, *when challenged*, must be considered at the outset of any litigation" (emphasis added)]). As discussed below, however, a lack of standing is not such a fundamental defect that it cannot be waived. Thus, where a defendant does not challenge a plaintiff's standing, the plaintiff may be relieved of its obligation to prove that it is the proper party to seek the requested relief.

The defendants had commenced and illegal action in foreclosure against the plaintiff's mortgage when it either knew or should have known that (i) it lacked legal standing to sue, and (ii) that the assignment of mortgage was defective and (iii) that because of the '..security exchange commission filings and the '..cut-off date..', expired, that commencing this action was illegal. In any event, the defendants had engaged in illegal fraud, deceptive actions and conspiracy to commit fraud by the deliberate abuse of the judicial system.

-19-

## The Unconstitutional Action of Lender and Servicer

Actions by the lending institution, namely Fremont Investment & Loan had violated the rights of the plaintiff herein by way of the issuing a high interest bearing loan. This calls for a predatory lending theory in which plaintiff was unable to afford and because of the '...cooking of the books...', by brokers, appraisers and the actual lender warrant for a default in the mortgage payments. What was unconstitutional of the due process violation was the

fact that the lender had failed to disclose all of its fine print writings regarding the loan and the fact that it was supposed to be a fix rated mortgage.  Thereafter, the mortgage was assigned and this particular transfer was also unconstitutional because it was done without notice to the plaintiff.

## Newly Discovered Evidence from Security Exchange

The lower state court had rendered a judgment against the plaintiff absent over 3500 pages of submitted documents to the Security Exchange Commission. These documents consist of the pooling agreement, the reports, the data of the loan, the information, the cut-off dates, the legal requirements, the full preview of the bundles of mortgages, the involvement of other investors and banks, the legal standing and jurisdiction of the asset backed certificates and deadlines for the submission of documentations and its obligations.

More importantly, the lower court was blind-sided by the '..trustee and the pooling agreement of the entity in which Wells Fargo Bank had played thereby gaining the trust of the court for a favorable judgment. **[See Attached Appendix]**.

-21-

## Lower Court's Judgment Deemed Unconstitutional

The lower court's judgment of foreclosure and sale is deemed

unconstitutional since it was based upon the illegal standing and the lack of

jurisdiction of the prior assignment of mortgage, see the Matter of Fry v

Village of Tarrytown, **89 NY2d 714, 718** [1997].

-22-

## Legal Argument

### WHETHER THE PLAINTIFF'S ARGUMENT HAS PROBATIVE FORCE WITH RESPECT TO THE ISSUE OF DEFENDANT'S LACK OF STANDING TO COMMENCE AN ACTION AND THE DEFECTIVE ASSIGNMENT OF MORTGAGE AND FRAUD

The issue of justice must comport to the safe guards to equal protection

of the laws and that both state and federal courts must act as gatekeepers of

the constitution and the rights of its citizens.  On the issue of probative value, materiality and necessity are important. Secondly, the cumulative nature of the argument and evidence by the plaintiff, coupled with the fact that documentation and proofs can be view collectively to show a probative force with respect to the defendant's lack of legal interest and standing to commence the action thereof. Evidence provided by the plaintiff Rodney Chestnut  herein supports his claims and that the cause of action herein warrant that this court adjudicate on the facts and law and vacate the judgment of foreclosure and sale.

-23-

## 1. New York State Law *non-waivable jurisdictional* defect

Pursuant to CPLR 3021 is a non-waivable jurisdictional defect that may not be cured by way of an amendment. (Martin v State of New York, **185 Misc 2d 799, 804**; Grande v State of New York, **160 Misc 2d 383**; *see also* Malloy v State of New York, Ct Cl, December 12, 2001, **Read, P.J., Claim No. 104933, Motion No. M-64215**),  (Harris v Niagara Falls Bd. of Educ., **6 NY3d 155, 158** [2006];  see Matter of Fry v Village of Tarrytown,

**89 NY2d 714, 723** [1997]; <u>Matter of Gershel v Porr</u>, **89 NY2d 327, 330**

[1996]). The case before this court consists of an issue surrounding the lack

of jurisdiction in which the defendant did not have standing prior to the filing

of the action. There was absolutely nothing in the record from the defendant

that would tend to show that an interest in the real property exist prior to the

commencement of the proceedings.

-24-

## 2. <u>Plaintiff is entitled to both a jury trial and the Relief Sought</u>

Summary judgment will not lie if the dispute about a material fact is

"genuine," that is, if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party. At the summary judgment stage, the trial

judge's function is not himself to weigh the evidence [477 U.S. 242,

243]  and determine the truth of the matter but to determine whether there

is a genuine issue for trial. There is no such issue unless there is sufficient

evidence favoring the nonmoving party for a jury to return a verdict for that party. In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

In this case before the court, in reply to the defendant's opposition, the plaintiff contends that there are genuine issues of material facts that a jury trial must be held and a trial on the causes of action in order to examine the facts and evidence of this case.

-25-

## 3. **Plaintiff can receive relief pursuant to Rule 60(b)**

Pursuant to the law of federal rules of civil procedure a judgment can be vacated upon the following grounds, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; Fiske v. Buder **(C.C.A.8th, 1942) 125 F.(2d) 841**; see also inferentially Bucy v. Nevada Construction Co. **(C.C.A.9th, 1942) 125**

**F.(2d) 213**. On the other hand, it has been suggested that in view of the

fact that fraud was omitted from original Rule 60(b) as a ground for relief,

an independent action was the only proper remedy.

Under the local rule 59 (b) and 60 (b), this court can ex mere muto, on its

own, vacate the lower court's judgment of foreclosure on the basis that it

was obtained through fraud, misrepresentation and other illegal acts of

deception GBL 349.

-26-

**CONCLUSION**

**THAT THE PLAINTIFF'S FEDERAL COMPLAINT BE
PROCESS AND THAT A HEARING AND TRIAL OF THE
CAUSES OF ACTION BE SCHEDULED, AND DISCOVERY
OF THE FACTS AND SUBPOENAS FOR EVIDENCES
FROM UNNAMED AGENCIES BE ISSUED AND FOR THE
DAMAGES OF THE DEFENDANT BE REWARDED TO THE
PLAINTIFF RODNEY CHESTNUT AND THE MORTGAGE
DISCHARGED AND THE FORECLOSURE JUDGMENT
REVERSED WITH A DISMISSAL OF THE COMPLAINT IN**

**THE LOWER STATE SUPREME COURT AND FOR SUCH OTHER AND FURTHER RELIEF THIS COURT MAY DEEM JUST AND PROPER**

**Sworn to before me this**
**13 day of April, 20 12**

**By/s** _(signature)_
**Rodney Chestnut**

_(signature)_

**Notary Public**

OLGA D MEZA PIURE
Notary Public - State of New York
No. 01ME6248197
Qualified in Suffolk County
My Commission Expires Sept. 19, 2015

Mi Rosicki, Rosicki, & Associates
Shapiro, DiCaro & Barack

# Exhibit A

se888936-ex4

<DOCUMENT>
<TYPE>EX-4
<SEQUENCE>3
<FILENAME>se888936-ex4.txt
<DESCRIPTION>POOLING AND SERVICING AGREEMENT
<TEXT>

Exhibit 4

SECURITIZED ASSET BACKED RECEIVABLES LLC,

Depositor,

HOMEQ SERVICING CORPORATION,

Servicer,

MORTGAGERAMP, INC.,

Loan Performance Advisor,

FREMONT INVESTMENT & LOAN,

Responsible Party,

and

WELLS FARGO BANK, NATIONAL ASSOCIATION,

Trustee

-----------------------------------------------------

POOLING AND SERVICING AGREEMENT

Dated as of February 1, 2006
-----------------------------------------------------

SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR1

MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-FR1

<PAGE>

ARTICLE I

DEFINITIONS

ARTICLE II

CONVEYANCE OF MORTGAGE LOANS;
REPRESENTATIONS AND WARRANTIES

Section 2.01    Conveyance of Mortgage Loans.................................
Section 2.02    Acceptance by the Trustee of the Mortgage Loans.............
Section 2.03    Representations, Warranties and Covenants of the
                Responsible Party and the Servicer; Remedies for
                Breaches of Representations and Warranties with

Page 1

se888936-ex4

Respect to the Mortgage Loans................................
Section 2.04      [Reserved].........................................................
Section 2.05    · Execution and Delivery of Certificates......................
Section 2.06      REMIC Matters......................................................
Section 2.07      Representations and Warranties of the Depositor..............

## ARTICLE III

### ADMINISTRATION AND SERVICING
### OF MORTGAGE LOANS

Section 3.01      Servicer to Service Mortgage Loans...........................
Section 3.02      Subservicing Agreements between the Servicer and
                  Subservicers....................................................
Section 3.03      Successor Subservicers........................................
Section 3.04      Liability of the Servicer.....................................
Section 3.05      No Contractual Relationship between Subservicers
                  and the Trustee..............................................
Section 3.06      Assumption or Termination of Subservicing
                  Agreements by Trustee........................................
Section 3.07      Collection of Certain Mortgage Loan Payments.................
Section 3.08      Subservicing Accounts.........................................
Section 3.09      Collection of Taxes, Assessments and Similar Items;
                  Escrow Accounts..............................................
Section 3.10      Collection Account.............................................
Section 3.11      Withdrawals from the Collection Account.......................
Section 3.12      Investment of Funds in the Collection Account,
                  Escrow Accounts and the Distribution Account................
Section 3.13      Maintenance of Hazard Insurance and Errors and
                  Omissions and Fidelity Coverage.............................
Section 3.14      Enforcement of Due-On-Sale Clauses; Assumption
                  Agreements....................................................
Section 3.15      Realization upon Defaulted Mortgage Loans....................
Section 3.16      Release of Mortgage Files.....................................
Section 3.17      Title, Conservation and Disposition of REO Property..........
Section 3.18      Notification of Adjustments...................................
Section 3.19      Access to Certain Documentation and Information
                  Regarding the Mortgage Loans................................
Section 3.20      Documents, Records and Funds in Possession of the
                  Servicer to Be Held for the Trustee.........................
Section 3.21      Servicing Compensation........................................
Section 3.22      Annual Statement as to Compliance............................
Section 3.23      Annual Reports on Assessment of Compliance with
                  Servicing Criteria; Annual Independent Public
                  Accountants' Attestation Report.............................
Section 3.24      Trustee to Act as Servicer....................................
Section 3.25      Compensating Interest.........................................
Section 3.26      Credit Reporting; Gramm-Leach-Bliley Act.....................

## ARTICLE IV

### DISTRIBUTIONS AND
### ADVANCES BY THE SERVICER

Section 4.01      Advances.......................................................
Section 4.02      Priorities of Distribution....................................
Section 4.03      Monthly Statements to Certificateholders.....................
Section 4.04      Certain Matters Relating to the Determination of
                  LIBOR.........................................................
Section 4.05      Allocation of Applied Realized Loss Amounts..................
Section 4.06      Swap Account..................................................

Page 2

se888936-ex4

## ARTICLE V

### THE CERTIFICATES

Section 5.01     The Certificates..........................................
Section 5.02     Certificate Register; Registration of Transfer and
                 Exchange of Certificates.................................
Section 5.03     Mutilated, Destroyed, Lost or Stolen Certificates...........
Section 5.04     Persons Deemed Owners.....................................
Section 5.05     Access to List of Certificateholders' Names and
                 Addresses................................................
Section 5.06     Maintenance of Office or Agency...........................

## ARTICLE VI

### THE DEPOSITOR, THE SERVICER
### AND THE LOAN PERFORMANCE ADVISOR

Section 6.01     Respective Liabilities of the Depositor and the
                 Servicer.................................................
Section 6.02     Merger or Consolidation of the Depositor or the
                 Servicer.................................................
Section 6.03     Limitation on Liability of the Depositor, the
                 Servicer and Others......................................
Section 6.04     Limitation on Resignation of the Servicer..................
Section 6.05     Additional Indemnification by the Servicer; Third
                 Party Claims.............................................
Section 6.06     Duties of the Loan Performance Advisor......................
Section 6.07     Loan Performance Advisor's Fees............................

## ARTICLE VII

### DEFAULT

Section 7.01     Events of Default.........................................
Section 7.02     Trustee to Act; Appointment of Successor...................
Section 7.03     Notification to Certificateholders.........................

## ARTICLE VIII

### CONCERNING THE TRUSTEE

Section 8.01     Duties of the Trustee.....................................
Section 8.02     Certain Matters Affecting the Trustee......................
Section 8.03     Trustee Not Liable for Certificates or Mortgage
                 Loans....................................................
Section 8.04     Trustee May Own Certificates..............................
Section 8.05     Trustee's Fees and Expenses...............................
Section 8.06     Eligibility Requirements for the Trustee...................
Section 8.07     Resignation and Removal of the Trustee.....................
Section 8.08     Successor Trustee.........................................
Section 8.09     Merger or Consolidation of the Trustee.....................
Section 8.10     Appointment of Co-Trustee or Separate Trustee..............
Section 8.11     Tax Matters..............................................
Section 8.12     Periodic Filings.........................................
Section 8.13     Tax Classification of the Excess Reserve Fund
                 Account, the Swap Account, the Interest Rate Swap
                 Agreement and the Cap Agreements..........................
Page 3

se888936-ex4

## ARTICLE IX

### TERMINATION

Section 9.01    Termination upon Liquidation or Purchase of the
                Mortgage Loans.............................................
Section 9.02    Final Distribution on the Certificates.....................
Section 9.03    Additional Termination Requirements........................

## ARTICLE X

### MISCELLANEOUS PROVISIONS

Section 10.01   Amendment..................................................
Section 10.02   Recordation of Agreement; Counterparts.....................
Section 10.03   Governing Law..............................................
Section 10.04   Intention of Parties.......................................
Section 10.05   Notices....................................................
Section 10.06   Severability of Provisions.................................
Section 10.07   Limitation on Rights of Certificateholders.................
Section 10.08   Inspection and Audit Rights................................
Section 10.09   Certificates Nonassessable and Fully Paid..................
Section 10.10   Assignment; Sales; Advance Facilities......................
Section 10.11   Rule of Construction.......................................
Section 10.12   Waiver of Jury Trial.......................................
Section 10.13   Rights of the Swap Provider................................
Section 10.14   Regulation AB Compliance; Intent of the Parties;
                Reasonableness.............................................

<PAGE>

**SCHEDULES**

Schedule I      Mortgage Loan Schedule

Schedule II     Representations and Warranties of the Servicer

Schedule III    Representations and Warranties of the Responsible Party as to
                the Mortgage Loans

Schedule IV     Representations and Warranties as to the Responsible Party

Schedule V      Representations and Warranties of the Depositor as to the
                Mortgage Loans

**EXHIBITS**

Exhibit A       Form of Class A, Class M and Class B Certificates

Exhibit B       Form of Class P Certificate

Exhibit C       Form of Class R Certificate

Exhibit D       Form of Class X Certificate

Exhibit E       Form of Initial Certification of Trustee

Exhibit F       Form of Document Certification and Exception Report of Trustee

Exhibit G       Form of Residual Transfer Affidavit

Page 4

se888936~ex4

Preliminary Statement.

U.S. Person: (i) A citizen or resident of the United States; (ii) a corporation (or entity treated as a corporation for tax purposes) created or organized in the United States or under the laws of the United States or of any State thereof, including, for this purpose, the District of Columbia; (iii) a partnership (or entity treated as a partnership for tax purposes) organized in the United States or under the laws of the United States or of any State thereof, including, for this purpose, the District of Columbia (unless provided otherwise by future Treasury regulations); (iv) an estate whose income is includible in gross income for United States income tax purposes regardless of its source; or (v) a trust, if a court within the United States is able to exercise primary supervision over the administration of the trust and one or more U.S. Persons have authority to control substantial decisions of the trust. Notwithstanding the last clause of the preceding sentence, to the extent provided in Treasury regulations, certain trusts in existence on August 20, 1996, and treated as U.S. Persons prior to such date, may elect to continue to be U.S. Persons.

Voting Rights: The portion of the voting rights of all the Certificates which is allocated to any Certificate. As of any date of determination, (a) 1% of all Voting Rights shall be allocated to the Class X Certificates, if any (such Voting Rights to be allocated among the holders of Certificates of each such Class in accordance with their respective Percentage Interests), (b) 1% of all Voting Rights shall be allocated to the Class P Certificates, if any, and (c) the remaining Voting Rights shall be allocated among Holders of the remaining Classes of Certificates in proportion to the Certificate Balances of their respective Certificates on such date.

ARTICLE II

CONVEYANCE OF MORTGAGE LOANS;
REPRESENTATIONS AND WARRANTIES

Section 2.01 Conveyance of Mortgage Loans. (a) The Depositor, concurrently with the execution and delivery hereof, hereby sells, transfers, assigns, sets over and otherwise conveys to the Trustee for the benefit of the Certificateholders, without recourse, all the right, title and interest of the Depositor in and to the Trust Fund, and the Trustee, on behalf of the Trust, hereby accepts the Trust Fund. On the Closing Date, the Depositor shall pay, without any right of reimbursement from the Trust, to the Cap Provider the "Fixed Amount" (as defined in the related Cap Agreement) due and payable to the Cap Provider pursuant to the terms of each Cap Agreement.

(b) In connection with the transfer and assignment of each Mortgage Loan, the Depositor has delivered or caused to be delivered to the Trustee for the benefit of the Certificateholders the following documents or instruments with respect to each Mortgage Loan so assigned:

(i) the original Mortgage Note bearing all intervening endorsements showing a complete chain of endorsement from the originator to the last endorsee, endorsed "Pay to the order of _____, without recourse" and signed (which may be by facsimile signature) in the name of the last endorsee by an authorized officer. To the extent that there is no room on the face of the Mortgage Notes for endorsements, the endorsement may be contained on an allonge, if state law so allows and the Trustee is so advised in writing by the Responsible Party that state law so allows;

(ii) the original of any guarantee executed in connection with the Mortgage Note;

(iii) the original Mortgage with evidence of recording thereon. If, in connection with any Mortgage Loan, the original Mortgage
Page 64

se888936-ex4

cannot be delivered with evidence of recording thereon on or prior to the Closing Date because of a delay caused by the public recording office where such Mortgage has been delivered for recordation or because such Mortgage has been lost or because such public recording office retains the original recorded Mortgage, the Responsible Party shall deliver or cause to be delivered to the Trustee a photocopy of such Mortgage, together with (A) in the case of a delay caused by the public recording office, an Officer's Certificate of the Responsible Party (or certified by the title company, escrow agent, or closing attorney) stating that such Mortgage has been dispatched to the appropriate public recording office for recordation and that the original recorded Mortgage or a copy of such Mortgage certified by such public recording office to be a true and complete copy of the original recorded Mortgage will be promptly delivered to the Trustee upon receipt thereof by the Responsible Party; or (B) in the case of a Mortgage where a public recording office retains the original recorded Mortgage or in the case where a Mortgage is lost after recordation in a public recording office, a copy of such Mortgage certified by such public recording office to be a true and complete copy of the original recorded Mortgage;

(iv) the originals of all assumption, modification, consolidation and extension agreements, if any, with evidence of recording thereon;

(v) the original Assignment of Mortgage for each Mortgage Loan endorsed in blank (except with respect to MERS Designated Loans);

(vi) the originals of all intervening assignments of Mortgage (if any) evidencing a complete chain of assignment from the applicable originator to the last endorsee (or, in the case of a MERS Designated Loan, MERS) with evidence of recording thereon, or if any such intervening assignment has not been returned from the applicable recording office or has been lost or if such public recording office retains the original recorded assignments of Mortgage, the Responsible Party shall deliver or cause to be delivered a photocopy of such intervening assignment, together with (A) in the case of a delay caused by the public recording office, an Officer's Certificate of the Responsible Party or a certificate from an escrow company, a title company or a closing attorney stating that such intervening assignment of Mortgage has been dispatched to the appropriate public recording office for recordation and that such original recorded intervening assignment of Mortgage or a copy of such intervening assignment of Mortgage certified by the appropriate public recording office to be a true and complete copy of the original recorded intervening assignment of Mortgage will be promptly delivered to the Trustee upon receipt thereof by the Responsible Party; or (B) in the case of an intervening assignment where a public recording office retains the original recorded intervening assignment or in the case where an intervening assignment is lost after recordation in a public recording office, a copy of such intervening assignment certified by such public recording office to be a true and complete copy of the original recorded intervening assignment;

(vii) the original mortgagee title insurance policy or, in the event such original title policy is unavailable, a certified true copy of the related policy binder or commitment for title certified to be true and complete by the title insurance company;

(viii) the original or, if unavailable, a copy of any security agreement, chattel mortgage or equivalent document executed in connection with the Mortgage (if provided); and

(ix) if any of the above documents has been executed by a z person holding a power of attorney, an original or photocopy of such
Page 65

# Exhibit B

RR&A # 06-838959
COUNTY: SUFFOLK
DISTRICT: 0208
SECTION: 498.00
BLOCK: 02.00
LOT: 029.080

Form 8021°-Assignment of Mortgage without Covenant-
Individual or Corporation (Single Sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-
THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

KNOW THAT

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE AND
MORTGAGEE-OF-RECORD-AND-FREMONT INVESTMENT-&-LOAN a corporation
organized and existing under the laws of the United States of America whose principal place of
business is 3727 East Imperial Highway, Brea, CA 92821,
assignor,

In consideration of TEN AND 00/100 DOLLARS ($10.00) and other good and valuable
consideration, paid by

WELLS FARGO BANK, N.A. AS TRUSTEE UNDER POOLING AND SERVICING
AGREEMENT DATED AS OF FEBRUARY 1, 2006, SECURITIZED ASSET BACK
RECEIVABLES LLC TRUST 2006-FR1 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FR1 a corporation whose principal place of business is 1100
Corporate Center Drive, 3rd Floor, Building A, Raleigh, NC 27607,
assignee,

hereby assigns unto the assignee, a certain Mortgage dated August 10, 2005, made by RODNEY
CHESTNUT, DAWN CHESTNUT to FREMONT INVESTMENT & LOAN in the principal
sum of $280,000.00 and recorded on October 21, 2005 in Liber/Reel 21155 of Mortgages, Page
890 in the Office of the Clerk of the County of Suffolk covering premises known as 112 W.
Bartlett Road, Middle Island, NY 11953.

This assignment is effective on or before April 1, 2006.

This assignment is not subject to the requirements of Section-275 of the Real Property Law
because it is an assignment within the secondary mortgage market.

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due
and to grow due thereon with the interest TO HAVE AND TO HOLD the same unto the
assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees"
whenever the sense of this instrument so requires.

DATED: June 16, 2006

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE AND MORTGAGEE OF
RECORD AND FREMONT
INVESTMENT & LOAN

By: _____
Jeff Stenman Vice President

STATE OF NC }
COUNTY OF Wake } SS.

On the 11 day of Oct in the year Oct before me, the undersigned, personally appeared _____ Morton Moore _____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of Raleigh _____ State of NC

Notary Public

**Assignment of Mortgage**
**Without Covenant**

TITLE NO.

---

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE AND MORTGAGEE OF
RECORD AND FREMONT INVESTMENT
& LOAN

TO

WELLS FARGO BANK, N.A. AS TRUSTEE
UNDER POOLING AND SERVICING
AGREEMENT DATED AS OF FEBRUARY
1, 2006, SECURITIZED ASSET BACK
RECEIVABLES LLC TRUST 2006-FR1
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FR1

---

EDGETON MONROE
NOTARY PUBLIC
Wake County
North Carolina
My Commission Expires October 27, 2016

DISTRICT: 0900

SECTION: 498.00

BLOCK: 02.00

LOT: 029.000

COUNTY OR TOWN: SUFFOLK
PROPERTY ADDRESS: 112 W. Bartlett
Road, Middle Island, NY 11953

RECORD AND RETURN TO:

Rosicki, Rosicki & Associates, P.C.
One Old Country Road, Suite 200
Carle Place, NY 11514

Exhibit D 3 of 3

RR&A #      06-038959
COUNTY:     SUFFOLK
DISTRICT:   0200
SECTION:    498.00
BLOCK:      02.00
LOT:        029.000

Form 8021°-Assignment of Mortgage without Covenant-   **ORIGINAL**
Individual or Corporation (Single Sheet)

### CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-
### THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

KNOW THAT

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE AND
MORTGAGEE OF RECORD AND FREMONT INVESTMENT & LOAN a corporation
organized and existing under the laws of the United States of America whose principal place of
business is 2727 East Imperial Highway, Brea, CA 92821,
                                              assignor,

in consideration of TEN AND 00/100 DOLLARS ($10.00) and other good and valuable
consideration, paid by

WELLS FARGO BANK, N.A. AS TRUSTEE UNDER POOLING AND SERVICING
AGREEMENT DATED AS OF FEBRUARY 1, 2006, SECURITIZED ASSET BACK
RECEIVABLES LLC TRUST 2006-FR1 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FR1 a corporation whose principal place of business is 1100
Corporate Center Drive, 3rd Floor, Building A, Raleigh, NC 27607,
                                              assignee,

hereby assigns unto the assignee, a certain Mortgage dated August 10, 2005, made by RODNEY
CHESTNUT; DAWN CHESTNUT to FREMONT INVESTMENT & LOAN in the principal
sum of $280,000.00 and recorded on October 21; 2005 in Liber/Reel 21155 of Mortgages, Page
890 in the Office of the Clerk of the County of Suffolk covering premises known as 112 W.
Bartlett Road, Middle Island, NY 11953. *Mae. Electronic Reg. Systems Inc. as nominee
*Mtg. of Record and

This assignment is effective on or before April 1, 2006.

This assignment is not subject to the requirements of Section 275 of the Real Property Law
because it is an assignment within the secondary mortgage market.

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due
and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the
assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees"
whenever the sense of this instrument so requires.

DATED: June 16, 2006                    MORTGAGE          ELECTRONIC
                                        REGISTRATION SYSTEMS, INC. AS
                                        NOMINEE AND MORTGAGEE OF
                                        RECORD      AND      FREMONT
                                        INVESTMENT & LOAN


                                        By: _____ Vice President

STATE OF *NC* }
COUNTY OF *Wake* } SS.

On the 11 day of *OCt* in the year *06* before me, the undersigned, personally appeared *Jeff Saymenadra* personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their\ capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of *Raleigh*, State of *NC*.

Notary Public

**EDGETON MONROE**
NOTARY PUBLIC
Wake County
North Carolina
My Commission Expires October 27, 2010

**Assignment of Mortgage**
**Without Covenant**

DISTRICT: 0200

SECTION: 498.00

TITLE NO.

BLOCK:   02.00

LOT:   029.000

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE AND MORTGAGEE OF
RECORD AND FREMONT INVESTMENT
& LOAN

TO

WELLS FARGO BANK, N.A. AS TRUSTEE
UNDER POOLING AND SERVICING
AGREEMENT DATED AS OF FEBRUARY
1, 2006, SECURITIZED ASSET BACK
RECEIVABLES LLC TRUST 2006-FR1
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FR1

COUNTY OR TOWN: SUFFOLK
PROPERTY ADDRESS: 112 W. Bartlett
Road, Middle Island, NY 11953

RECORD AND RETURN TO:

Rosicki, Rosicki & Associates, P.C.
~~One Old Country Road, Suite 300~~ 51 E. Bethpage Rd
~~Carle Place, NY 11514~~ Plainview, NY 11803