```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DAWN CHESTNUT and RODNEY CHESTNUT,

                        Plaintiffs,
                                            MEMORANDUM & ORDER
            -against-                       10-CV-4244(JS)(ARL)

WELLS FARGO BANK, N.A.,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Dawn Chestnut, pro se
                    112 W. Barlett Road
                    Middle Island, NY 11953

                    Rodney Chestnut, pro se
                    112 W. Barlett Road
                    Middle Island, NY 11953

For Defendant:      Sara L. Markert, Esq.
                    Houser & Allison, APC
                    One Grand Central Place
                    60 E. 42nd Street, Suite 1148
                    New York, NY 10165

                    Victoria McKenney, Esq.
                    Hogan Lovells US LLP
                    875 Third Avenue
                    New York, NY 10022
```

SEYBERT, District Judge:

Plaintiffs Dawn and Rodney Chestnut ("Plaintiffs") commenced this action pro se on September 17, 2010 against Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), asserting claims arising out of Defendant's foreclosing on Plaintiffs' property located at 112 W. Bartlett Road in Middle Island, New York. On November 1, 2010, Defendant filed a motion

to dismiss Plaintiffs' Complaint, which this Court granted on March 2, 2011. The Complaint was dismissed with prejudice and judgment was entered in favor of Defendant on March 4, 2011. Presently before the Court is Plaintiffs' motion to vacate. For the following reasons, Plaintiffs' motion is DENIED.

BACKGROUND

The Court assumes familiarity with the facts underlying this foreclosure dispute which the Court detailed in its March 2, 2011 Memorandum and Order dismissing this action with prejudice. See Chestnut v. Wells Fargo Bank, N.A., No. 10-CV-4244, 2011 WL 838914 (E.D.N.Y. Mar. 2, 2011). Thus, the Court will only briefly summarize the relevant procedural history.

Plaintiffs commenced this action in September 2010, purporting to assert twenty-three separate causes of action, including, inter alia, fraudulent inducement, unfair business practices, unjust enrichment, violations of the Truth-In-Lending Act, as well as some imaginative claims with no basis in any statute or common law doctrine, such as "Lender Profit by Credit Default Swap Derivatives" and "Extra Profit on Sale of Predatory Loan Product." All of Plaintiffs' claims related to a foreclosure action commenced by Defendant in New York State Supreme Court, Suffolk County in July 2006 that resulted in a Judgment of Foreclosure being entered in favor of Wells Fargo in

July 2007.[1]  Mr. Chestnut twice attempted, unsuccessfully, to have the Judgment of Foreclosure vacated by the state court on three separate occasions: first, by moving the state court to vacate the judgment in January 2009 and, second, by moving the state court to reconsider its denial of his motion to vacate in March 2010.  When those efforts failed, Plaintiffs commenced the present action.

On November 1, 2010, Wells Fargo moved to dismiss the Complaint, arguing that: (1) Plaintiffs' claims were barred by the Rooker-Feldman doctrine, (2) Plaintiffs' claims were barred by collateral estoppel, and (3) Plaintiffs' otherwise failed to plead a cognizable cause of action.  (Docket Entry 21.)  On November 29, 2010, Plaintiffs filed their opposition brief. (Docket Entry 26.)  Plaintiffs argued that their claims were sufficiently pled but did not contest Defendant's argument that their claims were barred by Rooker-Feldman and/or collateral estoppel.  Defendant filed its reply on December 20, 2010. (Docket Entry 28.)

On March 2, 2011, the Court granted Defendant's motion to dismiss finding that all of Plaintiffs' claims were barred by Rooker-Feldman, collateral estoppel, and/or res judicata because

---

[1] On February 7, 2007, the state court granted Wells Fargo's unopposed summary judgment motion, and on July 18, 2007, the state court granted Wells Fargo's unopposed motion for a Judgment of Foreclosure.

Plaintiffs' Complaint was merely another attempt to re-litigate the state court foreclosure proceeding and the issues adjudicated therein. See Chestnut, 2011 WL 838914, at *2-3 (citations omitted). Plaintiffs' claims were accordingly dismissed with prejudice (Docket Entry 32) and judgment was entered in favor of Defendant (Docket Entry 33). Plaintiffs did not appeal.[2]

On September 9, 2011, Plaintiffs filed the pending motion to vacate the judgment. (Docket Entry 34.)

DISCUSSION

Notwithstanding Plaintiffs' assertion that they are seeking relief from judgment pursuant to N.Y. C.P.L.R. 5015(3), the Court construes Plaintiffs' motion as a motion to vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See Milgram v. Orthopedic Assocs. Defined Contribution Pension Plan, 666 F.3d 68, 78 (2d Cir. 2011) (stating that the C.P.L.R.'s procedural rules do not apply in federal court); Brown v. Enzyme Dev., 380 F. App'x 97, 98 (2d Cir. 2010)

---

[2] The Court notes that in March 2011, Plaintiffs filed an Order to Show Cause in the Supreme Court, Suffolk County, again seeking vacatur of the Judgment of Foreclosure. This motion was denied in June 2011.

4

(construing a pro se plaintiff's motion for relief from judgment as a motion under Rule 60(b)).[3]

The Court will first address the standard of review on a Rule 60(b) motion to vacate before turning to the merits of Plaintiffs' motion.

I. Standard of Review

Rule 60(b) provides that a district court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

---

[3] The Court will not construe Plaintiffs' motion as one for reconsideration under FED. R. CIV. P. 59(e) or Local Civil Rule 6.3, because a motion under either rule would be time-barred. See FED. R. CIV. P. 59(e) (must be filed no later than twenty-eight days after judgment is entered); E.D.N.Y. Local Civil Rule 6.3 (must be filed no later than fourteen days after judgment is entered).

Although district courts have discretion in evaluating Rule 60(b) motions, relief under this provision is extraordinary and should be granted only in exceptional circumstances. See United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) ("Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." (citations omitted)). Such a motion may not be used to repackage or relitigate arguments and issues already considered by the district court, see Shrader v. CSX Transp, Inc., 70 F.3d 255, 257 (2d Cir. 1995); cf. Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) ("In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion."), and the burden of proof is on the party seeking relief from judgment, see Int'l Bhd. of Teamsters, 247 F.3d at 391.

II. Plaintiffs' Motion

Plaintiffs' arguments in favor of vacatur fall into three categories: (1) mistake, (2) newly-discovered evidence, and (3) fraud. The Court will address each separately.

A. Mistake

Rule 60(b)(1) "permits a district court to grant relief from a judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'" Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(1)). The Second Circuit has interpreted "mistake" to include both errors of a party or his representatives, see Montco, Inc. v. Barr (In re Emergency Beacon Corp.), 666 F.2d 754, 759 (2d Cir. 1981), and mistakes of law or fact made by the district court, see Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.), 346 F.3d 31, 35 (2d Cir. 2003). Plaintiffs argue that the Court erred in relying on the Rooker-Feldman doctrine to dismiss their Complaint. Plaintiffs' argument, however, is flawed and without merit for the following reasons.

First, Plaintiffs already had an opportunity to argue that Rooker-Feldman is inapplicable here. Defendant raised the issue in its motion to dismiss, but Plaintiffs failed to address the issue or respond to Defendant's argument in any way. This lack of due diligence in responding to Defendant's motion to dismiss, however, is not grounds for vacatur, and the Court will not permit Plaintiffs to relitigate the applicability of Rooker-Feldman at this juncture. See Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving

party seeks solely to relitigate an issue already decided."); Competex, S.A. v. Labow, 783 F.2d 333, 335 (2d Cir. 1986).

Second, even if the Court permitted Plaintiffs to reargue this issue, Plaintiffs' application of the law is incorrect. "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine," Wu v. Levine, No. 05-CV-1234, 2005 WL 2340722, at *2 (E.D.N.Y. June 3, 2005) (collecting cases), aff'd, 314 F. App'x 376 (2d Cir. 2009); see also Dockery v. Cullen & Dykman, 90 F. Supp. 2d 233, 236 (E.D.N.Y. 2000) (Rooker-Feldman doctrine bars claim that state court judgment of foreclosure was procured by fraud), and this is the exact relief that Plaintiffs are seeking here.

Finally, even if the Court did err in applying Rooker-Feldman, the Court also dismissed the Complaint on the grounds of collateral estoppel and res judicata--theories that Plaintiffs fail to address in their motion to vacate. Thus, even if Plaintiff is correct and Rooker-Feldman does not apply, Plaintiffs' claims would still be barred by issue and claim preclusion. See Chestnut, 2011 WL 838914, at *2-3.

Accordingly, the Court finds that Plaintiffs are not entitled to vacatur under Rule 60(b)(1).

B.  Newly-Discovered Evidence

A court may also vacate a judgment on the grounds of "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). To establish entitlement to relief from judgment under Rule 60(b)(2), Plaintiffs must show that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

Int'l Bhd. of Teamsters, 247 F.3d at 392 (internal quotation marks and citation omitted).

Plaintiffs here purport to introduce "new" evidence in support of their argument that the assignment of their mortgage to Wells Fargo was not valid. There are two issues with this "new" evidence. First, it is not new. Plaintiffs provide the Court with a copy of the assignment (Pl. Reply, Docket Entry 48, Ex. A) and a Pooling and Service Agreement dated February 1, 2006 (Pl. Reply, Docket Entry 48, Ex. B). However, the assignment was previously submitted to the Court by Defendant in support of its motion to dismiss (Garcia Decl., Docket Entry 22, Ex. D), and Plaintiffs fail to explain why they were "justifiably ignorant" of the existence of the Pooling and Service Agreement--an agreement that was signed more than four

9

years before Plaintiffs commenced this action. Int'l Bhd. of Teamsters, 247 F.3d at 392; cf. Stewart Park & Reserve Coal. Inc. v. Slater, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) ("[T]he moving party bears the burden in establishing that the new evidence is 'truly newly discovered or . . . could not have been found by due diligence.'" (alteration in original) (quoting United States v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir. 1983)). Second, the Court did not rely on the validity of the assignment in its Memorandum and Order dismissing the Complaint. Thus, even if this evidence was new and established that the assignment was invalid, it would not affect the Court's dismissal pursuant to the Rooker-Feldman doctrine, collateral estoppel, and/or res judicata.

Accordingly, the Court finds that Plaintiffs are not entitled to vacatur under Rule 60(b)(2).

C. Fraud

Under Rule 60(b)(3), a district court may relieve a party from a final judgment for "fraud" committed in connection with the proceedings. To prevail, Plaintiffs "must show that the conduct complained of prevented [them] from fully and fairly presenting [their] case." State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks and citation omitted). Here, Plaintiffs argue that Defendant engaged in fraud in procuring

the assignment of Plaintiffs' mortgage. However, this information was all presented to the Court in opposition to Defendant's motion to dismiss. Thus, Plaintiffs cannot argue that the alleged fraud "prevented [them] from fully and fairly presenting [their] case." Id.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to vacate is DENIED. The Clerk of the Court is directed to mail copies of this Memorandum and Order to the pro se Plaintiffs.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: August __20__, 2012
       Central Islip, New York